# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## <u>CASE MANAGEMENT TRACK DESIGNATION FORM</u>

CIVIL ACTION

Soutchay Chareunsack

v.                                                            NO.

U.S. Dep't of Homeland Security Et Al.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus - Cases brought under 28 U.S.C. § 2241 through§ 2255.                     ( )

(b) Social Security - Cases requesting review of a decision of the Secretary of Health
   and Human Services denying plaintiff Social Security Benefits.                                    ( )

(c) Arbitration - Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos - Cases involving claims for personal injury or property damage from
   exposure to asbestos.                                                                                          ( )

(e) Special Management - Cases that do not fall into tracks (a) through (d) that are
   commonly referred to as complex and that need special or intense management by
   the court. (See reverse side of this form for a detailed explanation of special
   management cases.)                                                                                            ( )

(f) Standard Management- Cases that do not fall into any one of the other tracks.             (X)

| | | |
|---|---|---|
| 10-17-2025 | /S/ W. John Vandenberg<br>William John Vandenberg | Soutchay Chareunsack |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-664-6271 | 215-701-4558 | john@hvlawgroup.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JS 44   (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| SOUTCHAY CHAREUNSACK | US Dep't of Homeland Security, Kristi Noem; USCIS, Angelica Alfonso-Royals |

| (b)  County of Residence of First Listed Plaintiff _____ | County of Residence of First Listed Defendant _____ |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c)  Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| William John Vandenberg, Hogan & Vandenberg LLC, 1608 Walnut Street, Ste. 1301, Philadelphia, PA 19103; 610-664-6271 | U.S. Attorney for the EDPA, 615 Chestnut Street, Suite 1250, Philadelphia, PA 19106 |

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**INTELLECTUAL PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☒ 465 Other Immigration Actions | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____

Brief description of cause:
Denial of certification of citizenship.

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE
10-17-2025

SIGNATURE OF ATTORNEY OF RECORD
/S/ W. John Vandenberg

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

10/2024

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Philadelphia, PA

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?   Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?   Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?   Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?
   If yes, attach an explanation.   Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ is / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*
- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
- ☒ 16. All Other Federal Question Cases. *(Please specify)*: Denial of certification of citizenship.

*B. Diversity Jurisdiction Cases:*
- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*:_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☐ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☒ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

SOUTCHAY CHAREUNSACK

      *Plaintiff,*

          v.

KRISTI NOEM, in her official capacity
as Secretary of the Department of
Homeland Security;

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY

ANGELICA ALFONSO-ROYALS,
in her official capacity Acting Director of U.S.
Citizenship and Immigration Services;

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES

      *Defendants.*

_____

Civil Action No.

_____

Agency No.: IOE0928484255

COMPLAINT FOR JUDICIAL REVIEW
OF DENIAL OF N-600
APPLICATION AND I-290B

## INTRODUCTION:

1.    The Plaintiff, by and through undersigned counsel, seeks judicial review of a decision by the United States Citizenship and Immigration Services (USCIS) to deny his application for a certificate of citizenship under the Immigration and Nationality Act. The denial was based on a flawed investigation and demonstrably flawed evidence and is incorrect as a matter of law – specifically whether the Plaintiff's parents were married and the Plaintiff was born out of wedlock. As such, Plaintiff seeks *de novo* review.

Hogan & Vandenberg LLC
1608 Walnut St., Ste. 1301
Philadelphia, PA 19103
(610) 664-6271

COMPLAINT
Case No:

**PARTIES**

2.    Plaintiff Southchay CHAREUNSACK is a Lawful Permanent Resident (LPR) of the United States who resides in Philadelphia.  On March 11, 2020, Plaintiff filed an N-600 Application for Certificate of Citizenship with United States Citizenship and Immigration Services ("USCIS"), which USCIS denied.  A subsequent administrative appeal, form I-290B, was denied by USCIS on February 19, 2025. Plaintiff seeks judicial review of those denials.

3.    The Department of Homeland Security ("DHS") is a cabinet department of the United States federal government responsible for immigration-related services (U.S. Citizenship & Immigration Services - USCIS), enforcement (Immigration and Customs Enforcement - ICE), and investigations (Homeland Security Investigations – HSI), among other duties.  DHS oversees USCIS and its implementation of federal law and policy with respect to immigration and naturalization applications.

4.    Defendant Kristi Noem is the Secretary of DHS, of which the U.S. Citizenship & Immigration Service ("USCIS") is an agency. She is generally charged with enforcement of the Immigration and Nationality Act and is further authorized to delegate such powers and authority to subordinate employees of the USCIS. The USCIS is an agency within the Department of Homeland Security to whom the Secretary's authority has in part been delegated and is subject to the Secretary's supervision. This action is brought against Defendant Noem in her official capacity.

5.    U.S. Citizenship and Immigration Services ("USCIS") is an agency of the Department of Homeland Security (DHS") and is responsible for overseeing the adjudication of immigration and naturalization applications.  USCIS implements federal law and policy with respect to immigration and naturalization applications.

6.    Defendant Angelica Alfonso-Royals is the Acting Director of USCIS.  She establishes and implements immigration and naturalization policy for USCIS and its subdivisions. Plaintiffs sue Defendant Alfonso-Royals in her official capacity.

**JURISDICTION**

7.    This action is brought pursuant to 28 U.S.C. § 2201, which authorizes the Court to review and issue a Declaratory Judgment addressing the denial of an N-600 application

1     where the applicant resides within the jurisdiction of the United States district court.
2     This judicial review is *de novo*.
3

4  8.   This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 (federal
5       question jurisdiction) and § 1361 (action to compel an officer of the United States to
6       perform their duties or to redress the deprivation of rights, privileges, and immunities
7       secured to the Plaintiffs by the jurisdictional statutes, and to compel the Defendants to
8       perform a duty that they owe to the Plaintiff.
9

10  9.   Jurisdiction is also conferred by 5 U.S.C. §§ 701-706 (Administrative Procedure
11       Act)("APA"); the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq.*; the
12       Due Process clause of the Fifth Amendment and the Equal Protection Clause of the
13       Fourteenth Amendment of the Constitution of the United States.
14

15  10.   The statutory and Constitutional violations provide the jurisdictional basis upon which
16       the Court may make a Declaratory Judgment under 28 U.S.C. §2201 *supra*.
17

18  11.   To the extent that the Government's actions in this matter are not supported by
19       substantial justification, attorney fees are appropriate.  The Equal Access to Justice Act,
20       as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412 (the "EAJA"), provides for the award of
21       costs and attorney's fees to a prevailing party in litigation against the United States or
22       one of its agencies.  The EAJA has been invoked to justify the award of attorney fees
23       and costs in immigration cases.  See, e.g., *Commissioner, Immigration and Naturalization*
24       *Service v. Jean*, 496 U.S. 154 (1990); *accord, Dabone v. Thornburgh*, 734 F.Supp. 195 (E.D. PA
25       1990) and *Harriott v. Ashcroft*, 277 F. Supp. 2d 538, 545-46 (E.D. Pa. 2003).
26

27  **STANDING:**
28

29  12.   The Plaintiff has standing to assert rights relating to the correct characterization of the
30       legal relationship of his parents, and the Court has jurisdiction. In *Miller v. Albright*, 523
31       U.S. 420, 118 S.Ct. 1428, 140 L.Ed.2d 575 (1998) the petitioner's mother was a Philippine
32       national and her father was a US citizen.  The Supreme Court held that the petitioner
33       did have standing to make an Equal Protection claim.  "If she were to prevail, the
34       judgment in her favor would confirm her pre-existing citizenship rather than grant her
35       rights that she does not now possess.  We therefore agree with the Court of Appeals
36       that she has standing to invoke the jurisdiction of the federal courts."  Id. at 432.  In
37       *Miller* the issue being contested was the statutory distinction between men and women
38       and its requirement that men make an affirmative step when establishing fatherhood of

Hogan & Vandenberg LLC
1608 Walnut St., Ste. 1301
Philadelphia, PA 19103
(610) 664-6271

COMPLAINT

Case No:

a child.  Just as the applicant in *Miller* was permitted to challenge the gender-based
distinction applied to her father so too should the petitioner be permitted to challenge
the legal findings of the defendants regarding his parents' relationship. In *Miller* the
Supreme Court after hearing the merits of the case ruled that the government did have
a legitimate interest in distinguishing between males and females in this context
however, this did not impact the holding with respect to standing to make the claim.
The Plaintiff has standing.

**VENUE:**

13.    Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391(e),
       in that this is an action against officers and agencies of the United States in their official
       capacities, brought in the federal district where the Plaintiff resides.

**FACTUAL AND PROCEDURAL HISTORY**

14.    Plaintiff Southchay Chareunsack is recognized by the Defendants as a Lawful
       Permanent Resident of the United States. Exhibit 1 (temporary I-551 issued October 11,
       2016).

15.    Plaintiff was born on February 3, 1975 in Laos, during a period of war in that country.
       After he and his family fled, he was paroled into the United States on January 18, 1980.
       Subsequently, on February 22, 1982 he was granted Lawful Permanent Resident status
       post-dated to the original January 18, 1980 date. That grant was made identifying
       him as a direct refugee on his own merit (classification R8-6) unconnected to any status
       granted to his other family members. Exhibit 2 (form I-181 Memorandum of Creation of
       Permanent Residence).

16.    As a child Mr. Chareunsack lived with both of his parents, Ngon Chareunsack and
       Bunmpha Chareunsack. His parents believed themselves to have been married and
       represented themselves as such throughout their US immigration proceedings from
       refugee status to permanent residence to US citizenship. However, no marriage record
       was ever presented and it is Plaintiff's assertion that there was never a legal marriage
       relationship between his parents.

17.    Plaintiff claims citizenship by derivation through his mother, who naturalized on
       January 20, 1993.  The following events all occurred before Mr. Chareunsack's 18th
       birthday: he entered the US as a Permanent Resident; his parents separated; he resided

Hogan & Vandenberg LLC
1608 Walnut St., Ste. 1301
Philadelphia, PA 19103
(610) 664-6271
COMPLAINT
Case No:

1   with his mother; and his mother naturalized.  These facts meet the requirements of
2   former INA sec. 321 for recognition of derivative US citizenship, something that occurs
3   by operation of law without any additional agency determination or action. *See*,
4   Immigration and Nationality Act (INA) §321(a)(3); 8 U.S.C. §1432(a)(3)(1995).
5
6   18.  The applicable statute in this matter states:
7        (a) A child born outside of the United States of alien parents, or of an alien parent and a citizen
8        parent who has subsequently lost citizenship of the United States, becomes a citizen of the
9        United States upon fulfillment of the following conditions:
10                  (1) The naturalization of both parents; or
11                  (2) The naturalization of the surviving parent if one of the parents is deceased; or
12                  **(3) The naturalization of the parent having legal custody of the child when there has**
13                  **been a legal separation of the parents or the naturalization of the mother if the child**
14                  **was born out of wedlock and the paternity of the child has not been established by**
15                  **legitimation**;
16                  and if-
17                  (4) Such naturalization takes place while said child is under the age of 18 years; and
18                  (5) Such child is residing in the United States pursuant to a lawful admission for
19                  permanent residence at the time of the naturalization of the parent last naturalized under
20                  clause (2) or (3) of this subsection, or thereafter begins to reside permanently in the
21                  United States while under the age of 18 years.
22   Immigration and Nationality Act (INA) §321(a); 8 U.S.C. §1432(a)(1995), (emphasis
23   added).
24
25   19.  Mr. Chareunsack's father naturalized after the Plaintiff turned 18. As a result, the
26        primary contested issue in the N-600 appeal is whether he qualifies under INA sec.
27        321(a)(3). First, there is the question of whether his parents' separation prior to his
28        turning 18 is sufficient under the first clause of 321(a)(3). Second, there is the question of
29        whether his parents were ever legally married triggering the second part of 321(a)(3)
30        relating to children born out of wedlock.
31
32   20.  The N-600 application at issue in this case was filed on March 4, 2020. Exhibit 3 (N-600
33        application with documentary evidence). In that application, the Plaintiff asserted what
34        he believed to be the truth at that time – that his parents had never been legally
35        married. As a result, he asserted that the second clause in 321(a)(3) operated to make
36        him a US citizen because he had been born out of wedlock and never officially
37        legitimated, and his mother became a US citizen prior to his 18th birthday. For Laotian
38        people like Mr. Chareunsack's parents, it was common to be together, raising a family,
39        but not lawfully married. The reason for this was that there was no legal mechanism for
40        them to be married when they lived together in the refugee camp where Mr.
41        Chareunsack was born in 1975.

Hogan & Vandenberg LLC
1608 Walnut St., Ste. 1301
Philadelphia, PA 19103
(610) 664-6271

COMPLAINT
Case No:

1

2    21.    Mr. Cahreunsack's parents held themselves out as married during their immigration

3            processing, but no marriage certificate was ever produced – and indeed, no marriage

4            certificate has ever existed.  For this reason, Mr. Chareunsack asserted that his parents

5            had never been lawfully married at the time he filed this N-600 in 2020. All of his

6            evidence was focused on demonstrating that his mother had custody of him as a child

7            and that she naturalized before his 18th birthday. Exhibit 3.

8

9    22.    On June 20, 2024 – more than four years after the filing of the N-600 – the USCIS office

10           issued a notice of continuance. Exhibit 4. This notice indicated a USCIS finding that the

11           Plaintiff's parents were married due to the fact that his birth record contained a 2011

12           Laotian Household Registry that indicated his parents were husband and wife. The

13           USCIS notice also indicated that  Laotian law recognized unregistered marriages. As a

14           result, the USCIS rejected the Plaintiff's position that his parents were never married

15           and asserted that he had to produce a divorce record – even though there was never

16           and has never been a marriage record.

17

18   23.    The Plaintiff asked for a short continuance on July 17, 2024. Exhibit 5. He then filed a

19           response on August 24, 2024 and included a sworn statement from his mother about

20           registering a lawful divorce in May 1992 and also that that divorce reflected an

21           abandonment by Mr. Chareunsack's father that had occurred years before the 1992 date.

22           Exhibit 6.

23

24   24.    The USCIS issued a denial on October 1, 2024. Exhibit 7. The Plaintiff filed an

25           administrative appeal on November 1, 2024 asserting that his parents had never been

26           lawfully married.  Exhibit 8.  Through counsel, he submitted a brief and additional

27           evidence on November 29, 2024. Exhibit 9. The additional evidence included was a

28           letter, previously unavailable, from the Deputy Chief of Mission in the Laotian Embassy

29           in Washington, D.C., confirming that the Plaintiff had been born out of wedlock and

30           that his parents had never registered a marriage.

31

32   25.    On or about February 19, 2025 the Administrative Appeals Office (AAO) of the USCIS

33           issued a decision affirming the denial of the N-600. Exhibit 10. That decision rested on

34           an issue that was not addressed or asserted in previous submissions or in the

35           underlying N-600 denial – alleged legitimation of the Plaintiff even considering that his

36           parents had never lawfully married. The AAO never gave the Plaintiff an opportunity

37           to address this issue.

38

COMPLAINT

Case No:                                                    Hogan & Vandenberg LLC
                                                            1608 Walnut St., Ste. 1301
                                                            Philadelphia, PA 19103
                                                            (610) 664-6271

26. This Petition is now being filed. It incorporates by reference all factual and legal arguments made in the filing of the N-600 in 2020, in the responses to USCIS notices in 2024, and during the appeal process after the denial of the N-600.

CLAIMS

27. Plaintiff re-alleges and incorporates all paragraphs above as though thoroughly stated herein.

28. Plaintiff meets the requirements of former INA sec. 321(a);

29. The denial of the N-600 and I-290B applications were improper under the applicable law;

30. Plaintiff is entitled to *de novo* review of his application for certificate of citizenship and should be recognized a US Citizen by the Court;

**PRAYER FOR RELIEF**

The Plaintiff requests that this Court grant the following relief:

A. Review Plaintiff's N-600 Application for Certificate of Citizenship *de novo*, and consider Plaintiff's evidence that demonstrates his parents were never lawfully married;

B. Grant Plaintiff's application for the certificate of citizenship;

C. Recognize that Plaintiff became a US citizen by derivation on January 20, 1993, the date of his mother's naturalization and the date on which all requirements for citizenship were met;

D. Award attorney's fees and costs pursuant to 28 U.S.C. § 2412; and

E. Grant such other and further relief as this Court deems just and proper.

COMPLAINT

Case No:

Hogan & Vandenberg LLC
1608 Walnut St., Ste. 1301
Philadelphia, PA 19103
(610) 664-6271

1
2          Respectfully submitted,
3
4              /S/ W. John Vandenberg
5          W. John Vandenberg, Esq.
6          PA Bar ID 89676
7          Hogan & Vandenberg, LLC
8          1608 Walnut Street, Suite 1301
9          Philadelphia, PA 19107
10         john@hvlawgroup.com
11         Phone: 610-664-6271
12         Attorney for Plaintiffs
13
14         Respectfully submitted,
15
16             /S/ Joseph C. Hohenstein
17         Joseph C. Hohenstein, Esq.
18         PA Bar ID 69226
19         Hogan & Vandenberg, LLC
20         1608 Walnut Street, Suite 1301
21         Philadelphia, PA 19107
22         joe@hvlawgroup.com
23         Phone: 610-664-6271
24         Attorney for Plaintiff
25
26         Respectfully submitted,
27
28             /S/ Mark S. Karpo
29         Mark S. Karpo, Esq.
30         PA Bar ID: 70531
31         137 North 9th Street
32         Philadelphia, PA 19107
33         markskarpo@gmail.com
34         Phone: 215-923-6364
35         Attorney for Plaintiff
36

COMPLAINT
Case No:

Hogan & Vandenberg LLC
1608 Walnut St., Ste. 1301
Philadelphia, PA 19103
(610) 664-6271

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SOUTCHAY CHAREUNSACK, | : | Civil Action No. _____ |
| | : | |
| *Plaintiff,* | : | Agency No.: IOE0928484255 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES DEPARTMENT OF | : | |
| HOMELAND SECURITY, ET AL., | : | |
| | : | |
| *Defendants.* | : | |

## List of Exhibits

1. Temporary I-551 issued October 11, 2016

2. Form I-181 Memorandum of Creation of Permanent Residence

3. N-600 filed March 4, 2020, with supporting documents

4. USCIS Notice of Continuance dated June 20, 2024

5. Plaintiff's request for continuance dated July 17, 2024

6. Plaintiff's response to USCIS dated August 29, 2024

7. USCIS Denial of N-600 dated October 1, 2024

8. Plaintiff's I-290B appeal form filed November 1, 2024

9. Plaintiff's AAO Appeal Brief and additional evidence filed November 29, 2024

10. USCIS AAO Decision dated February 19, 2025

1

# EXHIBIT 1



# EXHIBIT 2

UNITED STATES DEPARTMENT OF JUSTICE
Immigration and Naturalization Service

## MEMORANDUM OF CREATION OF RECORD OF LAWFUL PERMANENT RESIDENCE

Place *Newark*

File No. *A03862534*

Status as a lawful permanent resident of the United States is accorded:

| Name Street Address City, State, Zip | *Southay Chareunsack* *76 Laurence St* *Hacksack, N.J. 07601* | SEX *M* | DATE OF BIRTH *2-3-75* |
| | | PLACE OF BIRTH *Laos* | |
| | | NATIONALITY *Laos* | |
| COUNTRY TO WHICH CHARGEABLE *(If any)* | PREFERENCE *(If any)* | PRIORITY DATE | |

REMARKS

NONPREFERENCE: ☐ Section 212(a)(14) certification not required because:

☐ Individual section 212(a)(14) certification issued    ☐ Blanket section 212(a)(14) certification issued

under the following provision of law:

☐ Sec 203(h) of the I & N Act    ☐ Sec 249 of the I & N Act    ☐ Sec 214(d) I & N Act

☐ Sec 244( )( ) of the I & N Act    ☐ Sec 1 of the Act of 11/2/66    ☐ Private Law no._____of the____ Congress _____ session

☐ Sec 245 of the I & N Act    ☐ Sec 13 of the Act of 9/11/57    ☑ *PL 95-412* (Other law Specify)

As of *1 - 18 - 80* at *Newark*
   (Month)  (Day)  (Year)         PORT OF ENTRY FOR PERMANENT RESIDENCE

Class of admission *(Insert symbol)* *R8-6*

RECOMMENDED BY: *(Immigration Officer)*    (Date)
*m thompson*

DATE OF ACTION

DD

DISTRICT

B. s. APPROVED INS
FEB 22 1982
*John S. Duffey*
NEWARK, N. J.

### FOR USE BY VISA CONTROL OFFICE

Date_____

Foreign State_____

Preference Category_____

Number_____

Month of Issuance_____

Signed_____
   (Visa Office, Dept. of State)

PROCESSED FOR I-551.
TEMPORARY EVIDENCE OF
LAWFUL ADMISSION FOR
PERMANENT RESIDENCE
VALID UNTIL _____
EMPLOYMENT AUTHORIZED

☐ Form I-357 delivered    ☐ Form I-151   Serial No. _____
   ☐ mailed    ☐ delivered

CC: ☐ Visa Control Office, Visa Office, Department of State, Washington, D.C. 20520 for allocation of immigrant visa number.

Form I - 181 (Rev. 4-1-77)Y

(Page 1) 61

# EXHIBIT 3

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| NOTICE TYPE<br>Receipt | | NOTICE DATE<br>March 16, 2020 |
|---|---|---|
| CASE TYPE<br>N-600, Application for Certificate of Citizenship | | USCIS ALIEN NUMBER<br>A023862534 |
| RECEIPT NUMBER<br>IOE0908662824 | RECEIVED DATE<br>March 11, 2020 | PAGE<br>1 of 1 |
| | | DATE OF BIRTH<br>February 03, 1975 |

SOUTCHAY CHAREUNSACK
C/O MARK KARPO MARK S KARPO P C
137 NORTH 9TH STREET
PHILADELPHIA, PA 19107

**PAYMENT INFORMATION:**

| | |
|---|---|
| Application/Petition Fee: | $1,170.00 |
| Biometrics Fee: | $0.00 |
| Total Amount Received: | $1,170.00 |
| Total Balance Due: | $0.00 |

**NAME AND MAILING ADDRESS**

Your Form N-600, Application for Certificate of Citizenship, has been received.

Please verify your personal information listed above and immediately notify the USCIS Contact Center if there are any changes.

If you have questions, please visit the USCIS Contact Center at www.uscis.gov/contactcenter to connect with a live USCIS representative in English or Spanish.

You will be notified separately about any other case you may have filed.

| **USCIS Office Address:** | **USCIS Contact Center Number:** |
|---|---|
| USCIS<br>National Benefits Center<br>P.O. Box 648005<br>Lee's Summit, MO 64002 | (800)375-5283<br>ATTORNEY COPY<br> |



--- **006** ---

If this is an interview or biometrics appointment notice, please see the back of this notice for important information.     Form I-797C 04/01/19

# MARK S. KARPO, P.C.

### ATTORNEY AT LAW

137 NORTH NINTH STREET
PHILADELPHIA, PENNSYLVANIA 19107

ANGEL LEUNG
LEGAL ASSISTANT

SANDER D. FRIEDMAN
OF COUNSEL

TEL.: (215) 923-6364
FAX: (215) 923-6341

March 4, 2020

USCIS
P.O. Box 20100
Phoenix, AZ 85036

Re:   **Form N-600**
      **Applicant:**    **SOUTCHAY CHAREUNSACK**        A# 023862534

Dear Sir or Madam:

Pursuant to the enclosed G-28, this office is representing Soutchay Chareunsack to file his application for Certificate of Citizenship. In support of his petition, enclosed please find the following:

1)   Our firm Check payable to the U.S. Homeland Security in the amount of $1,170.00 to cover filing fee;
2)   Form G-28 and G-1145;
3)   Form N-600 signed by Soutchay Chareunsack;
4)   Copy of Soutchay Chareunsack's Birth Certificate from Lao with English translation;
5)   Copy of Soutchay Chareunsack's Driver license showing his residence;
6)   Copy of Soutchay Chareunsack's Social Security Card;
7)   Copy of Soutchay Chareunsack's Temporary status issued from USCIS on 10/11/2016;
8)   Copy of Soutchay Chareunsack mother's Certificate of Naturalization;
9)   Copy of School record showing Soutchay Chareunsack was under his mother's legal and physical custody before Soutchay Chareunsack turn 18 when Soutchay Chareunsack's mother become U.S. Citizen on 01/20/1993.
10)  Copy of Soutchay Chareunsack's USCIS record showing that Soutchay Chareunsack admitted to US as refugee on January 18, 1980, and his Lawful Permanent Residence Status was approval on 02/22/1982;
11)  USCIS Decision dated August 21, 2017.
12)  Two (2) Photographs. (Three color photographs of application, taken within 30 days of the date of this petition. See back of photograph for description); and

Pursuant to Title 8 CFR § 320.2, the Applicant is eligible for citizenship because he meets all of the requirements thereunder, as follows:

8 CFR § 320.2 Who is eligible for citizenship?
(a) General. To be eligible for citizenship under section 320 of the Act, a person must establish that the following conditions have been met after February 26, 2001:



# Application for Certificate of Citizenship

### Department of Homeland Security
U.S. Citizenship and Immigration Services

**USCIS**
**Form N-600**
OMB No. 1615-0057
Expires 12/31/2018

| For USCIS Use Only | Date Stamp | Receipt | Action Block |
|---|---|---|---|
| | Remarks | | |

| To be completed by an Attorney or Accredited Representative (if any). | ☒ Select this box if Form G-28 is attached. | Attorney State Bar Number (if applicable) 70531 | Attorney or Accredited Representative USCIS Online Account Number (if any) |
|---|---|---|---|

▶ **START HERE** - Type or print in black ink.

## Part 1. Information About Your Eligibility

Enter Your 9 Digit A-Number:
▶ A- 0 2 3 8 6 2 5 3 4

1. This application is being filed based on the fact that: (Select **only one** box)

   ☒ I am a BIOLOGICAL child of a U.S. citizen parent.    ☐ I am an ADOPTED child of a U.S. citizen parent.

   ☐ Other (Explain fully): 

   **NOTE:** If you need extra space to complete this section, use the space provided in **Part 11. Additional Information**.

## Part 2. Information About You

**NOTE:** Provide information about yourself if you are a person applying for the Certificate of Citizenship. **Provide information about your child** if you are a U.S. citizen parent applying for a Certificate of Citizenship for your minor child.

1. Current Legal Name (do **not** provide a nickname)

   | Family Name (Last Name) | Given Name (First Name) | Middle Name |
   |---|---|---|
   | CHAREUNSACK | SOUTCHAY | |

2. Your Name Exactly As It Appears on Your Permanent Resident Card (if different from above)

   | Family Name (Last Name) | Given Name (First Name) | Middle Name |
   |---|---|---|
   | CHAREUNSACK | SOUTCHAY | |

3. Other Names You Have Used Since Birth
   Provide all other names you have ever used, include nicknames, maiden name, and aliases.

   | Family Name (Last Name) | Given Name (First Name) | Middle Name |
   |---|---|---|
   | None | | |

4. U.S. Social Security Number (if any)
   ▶ 1 5 8 7 0 9 1 7 3

5. USCIS Online Account Number (if any)
   ▶ 

6. Date of Birth (mm/dd/yyyy)
   02/03/1975

7. Country of Birth
   Laos

8. Country of Prior Citizenship or Nationality
   Bangkok Thailand

9. Gender
   ☒ Male    ☐ Female

**--- 008 ---**

## Part 2. Information About You (continued)

A- | 0 | 2 | 3 | 8 | 6 | 2 | 5 | 3 | 4 |

**10.** Mailing Address

In Care Of Name (if any)

[ ]

Street Number and Name | Apt. ☐ Ste. ☐ Flr. ☐ Number
709 West Moyamensing Avenue

City or Town | State | ZIP Code + 4
Philadelphia | PA | 19148 -

Province (foreign address only) | Postal Code (foreign address only) | Country (foreign address only)
[ ] | [ ] | USA

**11.** Physical Address

Street Number and Name (Do **not** provide a PO Box in this space unless it is your **ONLY** address.) | Apt. ☐ Ste. ☐ Flr. ☐ Number
Same as mailing

City or Town | State | ZIP Code ÷ 4
[ ] | [ ] | -

Province (foreign address only) | Postal Code (foreign address only) | Country (foreign address only)
[ ] | [ ] | [ ]

**12.** Current Marital Status

☒ Single, Never Married    ☐ Married    ☐ Divorced    ☐ Widowed    ☐ Separated    ☐ Marriage Annulled

☐ Other (Explain): [ ]

**13.** U.S. Armed Forces

Are you a member or veteran of any branch of the U.S. Armed Forces?    ☐ Yes    ☒ No

**14.** Information About Your Admission into the United States and Current Immigration Status

**A.** I arrived in the following manner

Port-of-Entry

City or Town | State | Date of Entry (mm/dd/yyyy)
New York City | NY | 01/18/1980

Exact Name Used at Time of Entry

Family Name (Last Name) | Given Name (First Name) | Middle Name
CHAREUNSACK | SOUTCHAY | [ ]

**B.** I used the following travel document to be admitted to the United States

☐ Passport    ☒ Travel Document

Passport Number | Travel Document Number
[ ] | 0888283

Country of Issuance for Passport or Travel Document | Date Passport or Travel Document Issued (mm/dd/yyyy)
Bangkok Thailand | 11/23/1979

| **Part 2. Information About You** (continued) | A- | 0 | 2 | 3 | 8 | 6 | 2 | 5 | 3 | 4 |

**C.** I am

☐ A Lawful Permanent Resident (LPR)    ☐ A Nonimmigrant    ☒ A Refugee/Asylee

☐ Other (Explain): [                                    ]

**NOTE:** If you select "Other" and you need extra space to complete this section, use the space provided in **Part 11. Additional Information.**

**D.** I obtained LPR status through adjustment of status in the United States or admission as a LPR (if applicable)

Date I became a LPR (mm/dd/yyyy)
`02/22/1982`

U.S. Citizenship and Immigration Services (USCIS) Office That Granted My LPR Status or Location Where I Was Admitted
`Newark NJ`

**15.** Have you previously applied for a Certificate of Citizenship or U.S. Passport?    ☐ Yes  ☒ No

If you answered "Yes" to **Item Number 15.**, provide an explanation below. If you need extra space to complete this section, use the space provided in **Part 11. Additional Information.**

[                                    ]

**16.** Have you ever abandoned or lost your LPR status?    ☒ Yes  ☐ No

If you answered "Yes" to **Item Number 16.**, provide an explanation below. If you need extra space to complete this section, use the space provided in **Part 11. Additional Information.**

`Please see attached USCIS decision dated August`

**17.** Were you adopted?    ☐ Yes  ☒ No

If you answered "Yes" to **Item Number 17.**, complete **Items A. - D.**

**A.** Place of Final Adoption

| City or Town | State | Country |
| --- | --- | --- |
| | | |

**B.** Date of Adoption (mm/dd/yyyy)    **C.** Date Legal Custody Began (mm/dd/yyyy)    **D.** Date Physical Custody Began (mm/dd/yyyy)

**18.** Did you have to be re-adopted in the United States?    ☐ Yes  ☒ No

If you answered "Yes" to **Item Number 18.**, complete **Items A. - D.**

**A.** Place of Final Adoption

| City or Town | State | Country |
| --- | --- | --- |
| | | |

**B.** Date of Final Adoption (mm/dd/yyyy)    **C.** Date Legal Custody Began (mm/dd/yyyy)    **D.** Date Physical Custody Began (mm/dd/yyyy)

**19.** Were your parents married to each other when you were born (or adopted)?    ☐ Yes  ☒ No

**20.** Did your parents marry after you were born?    ☐ Yes  ☒ No

**21.** Do you regularly reside in the United States in the legal and physical custody of your U.S. citizen parents?    ☒ Yes  ☐ No

| Part 2. Information About You (continued) | A- | 0 | 2 | 3 | 8 | 6 | 2 | 5 | 3 | 4 |

22. Have you been absent from the United States since you first arrived?  ☐ Yes  ☒ No

Complete the following information **only if you are claiming U.S. citizenship at the time of birth if you were born before October 10, 1952.** If you need extra space to complete this section, use the space provided in **Part 11. Additional Information.**

**A.** Date You Left the United States (mm/dd/yyyy)

**B.** Date You Returned to the United States (mm/dd/yyyy)

**C.** Place of Entry Upon Return to the United States

City or Town

State

**D.** Date You Left the United States (mm/dd/yyyy)

**E.** Date You Returned to the United States (mm/dd/yyyy)

**F.** Place of Entry Upon Return to the United States

City or Town

State

## Part 3. Biographic Information

1. Ethnicity (Select **only one** box)
   ☐ Hispanic or Latino   ☒ Not Hispanic or Latino

2. Race (Select **all applicable** boxes)
   ☐ White   ☒ Asian   ☐ Black or African American   ☐ American Indian or Alaska Native   ☐ Native Hawaiian or Other Pacific Islander

3. Height  Feet [5]  Inches [7]   4. Weight  Pounds [1][9][5]

5. Eye color (Select **only one** box)
   ☐ Black   ☐ Blue   ☒ Brown   ☐ Gray   ☐ Green   ☐ Hazel   ☐ Maroon   ☐ Pink   ☐ Unknown/Other

6. Hair color (Select **only one** box)
   ☐ Bald (No hair)   ☒ Black   ☐ Blond   ☐ Brown   ☐ Gray   ☐ Red   ☐ Sandy   ☐ White   ☐ Unknown/Other

## Part 4. Information About Your U.S. Citizen Biological Father (or Adoptive Father)

**NOTE:** Complete this section if you are claiming citizenship through a U.S. biological father (of adoptive father). **Provide information about yourself** if you are a U.S. citizen father applying for a Certificate of Citizenship on behalf of your minor biological or adopted child.

1. Current Legal Name of U.S. Citizen Father

   Family Name (Last Name)
   CHAREUNSACK

   Given Name (First Name)
   NGON

   Middle Name

**Part 4. Information About Your U.S. Citizen Biological Father (or Adoptive Father)** (continued)

A- `0 2 3 8 6 2 5 3 4`

**2.** Date of Birth (mm/dd/yyyy)
`07/02/1944`

**3.** Country of Birth
`Laos`

**4.** Country of Citizenship or Nationality
`Laos`

**5.** Physical Address

Street Number and Name (Type or print "Deceased" and the date of death if your father has passed away.)
`Deceased 08/11/2008`

Apt. ☐  Ste. ☐  Flr. ☐  Number ☐

City or Town

State

ZIP Code + 4

Province (foreign address only)

Postal Code (foreign address only)

Country (foreign address only)

**6.** My father is a U.S. citizen by

☐ Birth in the United States    ☐ Acquisition after birth through naturalization of alien parents

☐ Birth abroad to U.S. citizen parents

Certificate of Citizenship Number

Alien Registration Number (A-Number) (if any)
► A-

☒ Naturalization

Place of Naturalization (Name of Court or USCIS Office Location)
`Philadelphia`

City or Town
`Philadelphia`

State
`PA`

Certificate of Naturalization Number
`26402795`

A-Number (if any)
► A- `0 2 3 8 6 2 5 3 2`

Date of Naturalization (mm/dd/yyyy)
`12/12/2001`

**7.** Has your father ever lost U.S. citizenship or taken any action that would cause loss of U.S. citizenship?    ☐ Yes  ☒ No

If you answered "Yes" to **Item Number 7.**, provide an explanation in **Part 11. Additional Information.**

**8.** **Marital History**

**A.** How many times has your U.S. citizen father been married (including annulled marriages and marriages to the same person)?    `0`

**B.** What is your U.S. citizen father's current marital status?

☐ Single, Never Married  ☐ Married  ☐ Divorced  ☐ Widowed  ☐ Separated  ☐ Marriage Annulled

☐ Other (Explain):

If you selected "Other," provide an explanation. If you need extra space to complete this section, use the space provided in **Part 11. Additional Information.**

| Part 4. Information About Your U.S. Citizen Biological Father (or Adoptive Father) (continued) | A- | 0 2 3 8 6 2 5 3 4 |
|---|---|---|

9.    Information About U.S. Citizen Father's Current Spouse

**A.** Family Name (Last Name) | Given Name (First Name) | Middle Name
`None`

**B.** Date of Birth (mm/dd/yyyy)    **C.** Country of Birth

**D.** Country of Citizenship or Nationality

**E.** Spouse's Physical Address

Street Number and Name    Apt. Ste. Flr. Number

City or Town    State    ZIP Code + 4

Province (foreign address only)    Postal Code (foreign address only)    Country (foreign address only)

**F.** Date of Marriage (mm/dd/yyyy)

**G.** Place of Marriage

City or Town    State    Country

**H.** Spouse's Immigration Status

☐ U.S. Citizen    ☐ Lawful Permanent Resident

☐ Other (Explain):

If you selected "Other," provide an explanation. If you need extra space to complete this section, use the space provided in **Part 11. Additional Information.**

**I.** Is your U.S. citizen father's current spouse also your biological (or adopted) mother?    ☐ Yes  ☐ No

## Part 5. Information About Your U.S. Citizen Biological Mother (or Adoptive Mother)

**NOTE:** Complete this section if you are claiming citizenship through a U.S. citizen biological mother (or adoptive mother). **Provide information about yourself** if you are a U.S. citizen mother applying for a Certificate of Citizenship on behalf of your minor biological or adopted child.

1.    Current Legal Name of U.S. Citizen Mother

Family Name (Last Name) | Given Name (First Name) | Middle Name
`CHAREUNSACK` | `BOUNPHA` |

2. Date of Birth (mm/dd/yyyy)    3. Country of Birth    4. Country of Citizenship or Nationality
`03/05/1947`    `Laos`    `America`

**Part 5. Information About Your U.S. Citizen Biological Mother (or Adoptive Mother)** (continued)

A- | 0 | 2 | 3 | 8 | 6 | 2 | 5 | 3 | 4 |

**5.** Physical Address

Street Number and Name (Type or print "Deceased" and the date of death if your mother has passed away.)    Apt.  Ste.  Flr.  Number

2618 15th Avenue N    ☐ ☐ ☐

City or Town    State    ZIP Code + 4

St Petersburg    FL    33713 -

Province (foreign address only)    Postal Code (foreign address only)    Country (foreign address only)

USA

**6.** My mother is a U.S. citizen by

☐ Birth in the United States    ☐ Acquisition after birth through naturalization of alien parents

☐ Birth abroad to U.S. citizen parents

Certificate of Citizenship Number    A-Number (if any)

► A-

☒ Naturalization

Place of Naturalization (Name of Court or USCIS Office Location)

Philadelphia

City or Town    State

Philadelphia    PA

Certificate of Naturalization Number    A-Number (if any)    Date of Naturalization (mm/dd/yyyy)

20217208    ► A- | 0 | 2 | 3 | 8 | 6 | 2 | 5 | 3 | 3 |    01/20/1993

**7.** Has your mother ever lost U.S. citizenship or taken any action that would cause loss of U.S. citizenship?    ☐ Yes  ☒ No

If you answered "Yes" to **Item Number 7.**, provide an explanation in **Part 11. Additional Information.**

**8. Marital History**

**A.** How many times has your U.S. citizen mother been married (including annulled marriages and marriages to the same person)?    0

**B.** What is your U.S. citizen mother's current marital status?

☒ Single, Never Married  ☐ Married  ☐ Divorced  ☐ Widowed  ☐ Separated  ☐ Marriage Annulled

☐ Other (Explain):

If you selected "Other," provide an explanation. If you need extra space to complete this section, use the space provided in **Part 11. Additional Information.**

**9.** Information About U.S. Citizen Mother's Current Spouse

**A.** Family Name (Last Name)    Given Name (First Name)    Middle Name

None

**B.** Date of Birth (mm/dd/yyyy)    **C.** Country of Birth

## Part 5. Information About Your U.S. Citizen Biological Mother (or Adoptive Mother) (continued)

A- | 0 | 2 | 3 | 8 | 6 | 2 | 5 | 3 | 4 |

**D.** Country of Citizenship or Nationality

**E.** Spouse's Physical Address

Street Number and Name

Apt. ☐  Ste. ☐  Flr. ☐  Number

City or Town

State

ZIP Code + 4

Province
(foreign address only)

Postal Code
(foreign address only)

Country
(foreign address only)

**F.** Date of Marriage (mm/dd/yyyy)

**G.** Place of Marriage

City or Town

State

Country

**H.** Spouse's Immigration Status

☐ U.S. Citizen   ☐ Lawful Permanent Resident

☐ Other

If you selected "Other," provide an explanation. If you need extra space to complete this section, use the space provided in **Part 11. Additional Information.**

**I.** Is your U.S. citizen mother's current spouse also your biological (or adopted) father?     ☐ Yes  ☐ No

## Part 6. Physical Presence in the United States From Birth Until Filing of Form N-600

**NOTE:** Only applicants born outside the United States claiming to have been born U.S. citizens are required to provide all the dates when your U.S. citizen biological father or U.S. citizen biological mother resided in the United States. **Include all dates from your birth until the date you file your Form N-600.**

1. Indicate whether this information relates to your U.S. citizen father or mother

   ☐ U.S. Citizen Father   ☐ U.S. Citizen Mother

2. Physical Presence in the United States

   **A.** From (mm/dd/yyyy)   To (mm/dd/yyyy)      **B.** From (mm/dd/yyyy)   To (mm/dd/yyyy)

   **C.** From (mm/dd/yyyy)   To (mm/dd/yyyy)      **D.** From (mm/dd/yyyy)   To (mm/dd/yyyy)

   **E.** From (mm/dd/yyyy)   To (mm/dd/yyyy)      **F.** From (mm/dd/yyyy)   To (mm/dd/yyyy)

   **G.** From (mm/dd/yyyy)   To (mm/dd/yyyy)      **H.** From (mm/dd/yyyy)   To (mm/dd/yyyy)

| **Part 7. Information About Military Service of U. S. Citizen Parents** | A- | 0 | 2 | 3 | 8 | 6 | 2 | 5 | 3 | 4 |

**NOTE:** Complete this only if you are an applicant claiming U.S. citizenship at time of birth abroad.

1. Has your U.S. citizen parent served in the U.S. Armed Forces? ☐ Yes ☒ No

2. If you answered "Yes" to **Item Number 1.**, which parent served in the U.S. Armed Forces?

☐ U.S. Citizen Father    ☐ U.S. Citizen Mother

3. Dates of Service (mm/dd/yyyy) (If time of service fulfills any of the required physical presence, submit evidence of the service.)

**A.** From (mm/dd/yyyy) [ ]  To (mm/dd/yyyy) [ ]    **B.** From (mm/dd/yyyy) [ ]  To (mm/dd/yyyy) [ ]

4. Type of Discharge

☐ Honorable    ☐ Other than Honorable    ☐ Dishonorable

| **Part 8. Applicant's Statement, Contact Information, Certification, and Signature** |

**NOTE:** Read the **Penalties** section of the Form N-600 Instructions before completing this part.

*Applicant's Statement*

**NOTE:** Select the box for either **Item A.** or **B.** in **Item Number 1.** If applicable, select the box for **Item Number 2.**

1. Applicant's Statement Regarding the Interpreter

A. ☒ I can read and understand English, and I have read and understand every question and instruction on this application and my answer to every question.

B. ☐ The interpreter named in **Part 9.** read to me every question and instruction on this application and my answer to every question, in [ ], a language in which I am fluent and I understood everything.

2. Applicant's Statement Regarding the Preparer

☒ At my request, the preparer named in **Part 10.,** Mark S Karpo Esq prepared this application for me based only upon information I provided or authorized.

*Applicant's Contact Information*

3. Applicant's Daytime Telephone Number
2676941061

4. Applicant's Mobile Telephone Number (if any)
2676941061

5. Applicant's Email Address (if any)
scworkinggroupinc@gmail.com

*Applicant's Certification*

Copies of any documents I have submitted are exact photocopies of unaltered, original documents, and I understand that USCIS may require that I submit original documents to USCIS at a later date. Furthermore, I authorize the release of any information from any of my records that USCIS may need to determine my eligibility for the immigration benefit I seek.

I further authorize release of information contained in this application, in supporting documents, and in my USCIS records to other entities and persons where necessary for the administration and enforcement of U.S. immigration laws.

Form N-600  02/13/17  N    Page 9 of 15

| Part 8. Applicant's Statement, Contact Information, Certification, and Signature (continued) | A- | 0 | 2 | 3 | 8 | 6 | 2 | 5 | 3 | 4 |

I understand that USCIS may require me to appear for an appointment to take my biometrics (fingerprints, photograph, and/or signature) and, at that time, if I am required to provide biometrics, I will be required to sign an oath reaffirming that:

1) I reviewed and provided or authorized all of the information in my application;

2) I understood all of the information contained in, and submitted with, my application; and

3) All of this information was complete, true, and correct at the time of filing.

I certify, under penalty of perjury, that I provided or authorized all of the information in my application, I understand all of the information contained in, and submitted with, my application, and that all of this information is complete, true, and correct.

## Applicant's Signature

6.  Applicant's Signature (sign in ink)                                          Date of Signature (mm/dd/yyyy)

➡ *Soutchay Chareunsack*                                                        1/30/2020

**NOTE TO ALL APPLICANTS:** If you do not completely fill out this application or fail to submit required documents listed in the Instructions, USCIS may deny your application.

## Part 9. Interpreter's Contact Information, Certification, and Signature

Provide the following information about the interpreter.

## Interpreter's Full Name

1.  Interpreter's Family Name (Last Name)                    Interpreter's Given Name (First Name)

2.  Interpreter's Business or Organization Name (if any)

## Interpreter's Mailing Address

3.  Street Number and Name                                                      Apt.  Ste.  Flr.  Number

City or Town                                                                    State       ZIP Code + 4

Province                        Postal Code         Country

## Interpreter's Contact Information

4.  Interpreter's Daytime Telephone Number          5.  Interpreter's Mobile Telephone Number (if any)

6.  Interpreter's Email Address (if any)

**Part 9.  Interpreter's Contact Information, Certification, and Signature (continued)**

A- [0] [2] [3] [8] [6] [2] [5] [3] [4]

## *Interpreter's Certification*

I certify, under penalty of perjury, that:

I am fluent in English and _____, which is the same language specified in **Part 8.**, **Item B.** in **Item Number 1.**, and I have read to this applicant in the identified language every question and instruction on this application and his or her answer to every question.  The applicant informed me that he or she understands every instruction, question, and answer on the application, including the **Applicant's Certification**, and has verified the accuracy of every answer.

## *Interpreter's Signature*

7.  Interpreter's Signature (sign in ink)

Date of Signature (mm/dd/yyyy)

**Part 10.  Contact Information, Declaration, and Signature of the Person Preparing this Application, if Other Than the Applicant**

Provide the following information about the preparer.

## *Preparer's Full Name*

1.  Preparer's Family Name (Last Name)
`Karpo`

Preparer's Given Name (First Name)
`Mark`

2.  Preparer's Business or Organization Name (if any)
`Mark S Karpo P C`

## *Preparer's Mailing Address*

3.  Street Number and Name
`137 North 9th Street`

Apt. ☐  Ste. ☐  Flr. ☐  Number

City or Town
`Philadelphia`

State
`PA`

ZIP Code + 4
`19107` - 

Province

Postal Code

Country
`USA`

## *Preparer's Contact Information*

4.  Preparer's Daytime Telephone Number
`2159236364`

5.  Preparer's Mobile Telephone Number (if any)
`2159236364`

6.  Preparer's Email Address (if any)
`mark@karpolaw.com`

| **Part 10. Contact Information. Declaration, and Signature of the Person Preparing this Application, if Other Than the Applicant** (continued) | A- | 0 | 2 | 3 | 8 | 6 | 2 | 5 | 3 | 4 |

### Preparer's Statement

7. **A.** ☐ I am not an attorney or accredited representative but have prepared this application on behalf of the applicant and with the applicant's consent.

   **B.** ☒ I am an attorney or accredited representative and my representation of the applicant in this case ☐ extends ☒ does not extend beyond the preparation of this application.

   **NOTE:** If you are an attorney or accredited representative whose representation extends beyond preparation of this application, you may be obliged to submit a completed Form G-28, Notice of Entry of Appearance as Attorney or Accredited Representative, with this application.

### Preparer's Certification

By my signature, I certify, under penalty of perjury, that I prepared this application at the request of the applicant. The applicant then reviewed this completed application and informed me that he or she understands all of the information contained in, and submitted with, his or her application, including the Applicant's Certification, and that all of this information is complete, true, and correct. I completed this application based only on information that the applicant provided to me or authorized me to obtain or use.

### Preparer's Signature

8. Preparer's Signature (sign in ink)

   Date of Signature (mm/dd/yyyy)
   2/6/2020

## Part 11. Additional Information

A- | 0 | 2 | 3 | 8 | 6 | 2 | 5 | 3 | 4 |

If you need extra space to provide any additional information within this application, use the space below.  If you need more space than what is provided, you may make copies of this page to complete and file with this application or attach a separate sheet of paper. Type or print your name and A-Number (if any) at the top of each sheet; indicate the **Page Number**, **Part Number**, and **Item Number** to which your answer refers; and sign and date each sheet.

1.  Family Name (Last Name)        Given Name (First Name)        Middle Name

    CHAREUNSACK        SOUTCHAY

2.  A-Number (if any)  ▶  A-  | 0 | 2 | 3 | 8 | 6 | 2 | 5 | 3 | 4 |

3.  **A.** Page Number    **B.** Part Number    **C.** Item Number

    **D.** _____

    _____

    _____

    _____

4.  **A.** Page Number    **B.** Part Number    **C.** Item Number

    **D.** _____

    _____

    _____

    _____

5.  **A.** Page Number    **B.** Part Number    **C.** Item Number

    **D.** _____

    _____

    _____

    _____

6.  **A.** Page Number    **B.** Part Number    **C.** Item Number

    **D.** _____

    _____

    _____

    _____

    _____

**NOTE: Do not complete Parts 12. and 13. unless the USCIS officer instructs you to do so at the interview.**

**Part 12. Affidavit (do NOT complete this part unless instructed to do so AT THE INTERVIEW)**    A- [0] [2] [3] [8] [6] [2] [5] [3] [4]

I, the (applicant, parent, or legal guardian) _____ do swear or affirm, under penalty of perjury under the laws of the United States, that I know and understand the contents of this application signed by me, and the attached supplementary pages number _____ to _____ inclusive, that the same are true and correct to the best of my knowledge, and that corrections number _____ to _____ were made by me or at my request.

Applicant's, Parent's, or Legal Guardian's Signature (Sign in ink)

Date of Signature (mm/dd/yyyy)

Subscribed and sworn or affirmed before me upon examination of the applicant (parent, legal, guardian) on

at _____ .

Date (mm/dd/yyyy)

(Location)

USCIS Officer's Printed Name

USCIS Officer's Title

USCIS Officer's Signature (Sign in ink)

Date of Signature (mm/dd/yyyy)

**Part 13. Officer Report and Recommendation on Application for Certificate of Citizenship (for USCIS use ONLY)**

On the basis of the documents, records, the testimony of persons examined, and the identification upon personal appearance of the underage beneficiary, I find that all the facts and conclusions set forth under oath in this application are:

1.  ☐ True and correct

2.  ☐ The applicant derived or acquired U.S. citizenship on _____
    Date (mm/dd/yyyy)

3.  ☐ The applicant derived or acquired U.S. citizenship through (Select the box next to the appropriate section of law, or if the section of law is not reflected, type or print the applicable section of law in the space next to "Other.")

    A.  ☐ INA Section 301

    B.  ☐ INA Section 309

    C.  ☐ INA Section 320

    D.  ☐ INA Section 321

    E.  ☐ Other _____

4.  ☐ The applicant has not been expatriated since that time





QUANTUM INC.
*International Translation Services*

# Certification

Quantum Inc. hereby certifies that a team of translators and editors, who are all professional translators/editors fluent in both written Lao and written English, translated/edited the attached Birth Certificate and Birth Notification Certificate from Lao into English.

The translators/editors are competent to translate/edit and the translations are true and accurate to the best of their knowledge and ability.

Certified by:

....................................................

**Yesenia Chavez**
**Quantum Inc.**

02/17/2020

**Date**

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
GREGORY LA TORRE, Notary Public
City of Philadelphia, Phila. County
My Commission Expires April 25, 2021



17        Ebruary 20   Dregs La Tun

240 South 9th Street, Philadelphia, PA 19107-5733    Tel. 215.627.2251    Fax. 215.627.5570    www.quantumtranslations.com



**Lao People's Democratic Republic**
**Peace Independence Democracy Unity Prosperity**

Vientiane Municipality
Xai Settha District

No: 1386/HorPhorNor
Date: 11 September 2018

### Birth Certificate

| 1 | First and Last Name, Gender | Mr. Soutchay Chareunsack        (Male) |
|---|---|---|
| | Date of Birth | 02/03/1975 |
| | Date of Birth in Letters | The third of February, nineteen seventy-five |
| | Place of Birth | Na Xai Village, Xai Settha District, Vientiane Municipality |
| | Race, Nationality | Lao, Lao |
| | Father's Name and Family Name | Mr. Ngon Chareunsack (Deceased) |
| | Age, Occupation | Seventy-six years old, Citizen |
| | Race, Nationality | Lao, Lao |
| | Current Residential Address | Na Xai Village, Xai Settha District, Vientiane Municipality |
| | Mother's Name and Family Name: | Mrs. Bounpha Chareunsack |
| | Age, Occupation | Seventy-one years old, Citizen |
| | Race, Nationality | Lao, Lao |
| | Current Residential Address | Na Xai Village, Xai Settha District, Vientiane Municipality |
| 2 | Name of Birth Notifier | Mr. Ngon Chareunsack (Deceased) |
| | Age, Occupation | Seventy-six years old, Citizen |
| | Current Residential Address | Na Xai Village, Xai Settha District, Vientiane Municipality |
| | Relationship to the Newborn Child | Father |
| 3 | Name and Family Name of 1st Witness | Mrs. Nee Vongphachanh |
| | Age, Occupation | Sixty-nine years old, Housewife |
| | Current Residential address | Na Xai Village, Xai Settha District, Vientiane Municipality |
| | Name and Family Name of 2nd Witness | Mrs. Khamsavanh Vongphachanh |
| | Age, Occupation | Thirty-nine years old, Labourer |
| | Current Residential Address | Na Xai Village, Xai Settha District, Vientiane Municipality |
| | Name and Family Name of 3rd Witness | Mr. Phanthavong Silaphone |
| | Age, Occupation | Thirty-nine years old, Labourer |
| | Current Residential Address | Na Xai Village, Xai Settha District, Vientiane Municipality |

Family Registrations Officer          Village Chief          Witnesses

[Signature]
Mrs. Phouvieng Xanasing

[stamp]
Vientiane Municipality

Na Xai Village Chief

Xai Settha District

1. [Signature]  Mrs. Nee
2. [Signature]  Mrs. Khamsavanh
3. [Signature]  Mr. Phanthavong

[Signature]
Khamla Thoranin

[Signed on behalf of] Head of District Administration Office

Department of Vientiane
Administration

District Administration
Office

Saysettha District

[Signature]
Mrs. Phonechanh Somvichith



Lao People's Democratic Republic
Peace Independence Democracy Unity Prosperity
-----------000-----------

**Ministry of Public Health**

Mittaphab Hospital                                        No. 475/MorTorPhor
Vientiane, Lao PDR
Tel: 021 711 255

### Birth Notification Certificate

Newborn Child's Name and Family Name: Master Soutchay Chareunsack

Gender: Female ☐ Male ✓ Race: Lao Nationality: Lao Ethnicity: Lao Lum Religion: Buddhism

Date of Birth: ………/……./……… Time of Birth:………………………..

Weight at Birth: 3,200 gms, Length: 50 cms, Head Circumference: 35 cms, Chest Circumference: 33 cms.

　　　　Post-natal Physical Condition: Healthy

Method of Birth: Natural method ✓   Ventouse method ☐;  Forceps Method ☐; Caesarean section ☐

Midwife's Name and Family Name: Mrs. Pinkeo        Phone number: 020

Mother's Name and Family Name: Mrs. Bounpha Chareunsack  Age: 30  Sequence of child: 1st child

Occupation: Housewife   Race: Lao  Nationality: Lao  Ethnicity: Lao Lum  Religion: Buddhism

Father's Name and Family Name: Mr. Ngon Chareunsack   Age: 36  Occupation: Labourer

Race: Lao   Nationality: Lao   Ethnicity: Lao Lum  Religion: Buddhism

Current Residential Address of Child's Parents: Na Xai Village  Unit:…..  House No.:…..

Household Registration No.: 057 Dated: 12/11/2011 at Na Xai Village, Xai Settha District, Vientiane Municipality.

**Note: Please bring this Birth Notification Certificate to the Village Committee for the formal Birth Certificate to be issued, within 1 month counted from the date of the birth.**

　　　　　　　　　　　　　　　Vientiane Municipality, Date: 09/17/2018

Director                        Head of Department                   Midwife

| [Ministry of Public Health] | Ministry of Public Health | |
| [Lao-Viet friendship Hospital] | Department of Obstetrics and Gynecology | |

[Signature]                [name illegible]

[Signature]                    [Signature]
Dr. Sonexay Ladsavong         [Signature]

　　　　　　　　Dr. Phoutthasone PHOMMACHANH



ສາທາລະນະລັດ ປະຊາທິປະໄຕ ປະຊາຊົນລາວ
ສັນຕິພາບ ເອກະລາດ ປະຊາທິປະໄຕ ເອກະພາບ ວັດທະນາຖາວອນ
---------- 000 ----------

ກະຊວງສາທາລະນະສຸກ



ໂທລະສັບ: 021 711 255

ເລກທີ _425_ / ມຕພ

ໃບແຈ້ງເກີດ

ຊື່ ແລະ ນາມສະກຸນ ເດັກທີ່ເກີດ: ........................................................

ເພດ: ຍິງ ☐ ຊາຍ ☑ ເຊື້ອຊາດ: ...... ສັນຊາດ: ...... ຊົນເຜົ່າ: ...... ສາສະໜາ: ......

ວັນ ເດືອນ ປີເກີດຂອງເດັກ: ......./......./......., ເວລາເກີດ: ......

ນ້ຳໜັກເວລາເກີດ: ..... ກຼາມ, ລວງນາວ: ..... ຊັງຕີແມັດ, ຮອບຫົວ: ..... ຊັງຕີແມັດ, ຮອບເອິກ: ..... ຊັງຕີແມັດ

ສະພາບຮ່າງກາຍຂອງເດັກທີ່ເກີດ ........................

ເກີດດ້ວຍວິທີ: ເກີດທຳມະຊາດ ☑ ; ເກີດດ້ວຍ Ventouse ☐ ; ເກີດດ້ວຍ Forcep ☐ ; ຜ່າຕັດອອກ ☐

ຊື່ ແລະ ນາມສະກຸນແພດຕົວຽດເກີດ: ......................................... ນ້ຳເບີໂທລະສັບ 02�$

ຊື່ ແລະ ນາມສະກຸນ ຜູ້ເປັນແມ່: ......................... ອາຍຸ ແມ່: ..... ປີ, ເກີດລຸກທີ່: ......

ອາຊີບ ........................ ເຊື້ອຊາດ ...... ສັນຊາດ ...... ຊົນເຜົ່າ ...... ສາສະໜາ ......

ຊື່ ແລະ ນາມສະກຸນ ຜູ້ເປັນພໍ່: ........................., ອາຍຸ ພໍ່: .... ປີ, ອາຊີບ ......

ເຊື້ອຊາດ ...... ສັນຊາດ ...... ຊົນເຜົ່າ ...... ສາສະໜາ ......

ທີ່ຢູ່ປະຈຸບັນຂອງ ພໍ່ ແລະ ແມ່ເດັກ: ຢູ່ຖະໜົນ ........ ໜ່ວຍ ....... ເຮືອນເລກທີ .......

ໄດ້ຈົດຂຶ້ນສຳມະໂນຄົວເລກທີ ....... ລົງວັນທີ ..../..../..... ບ້ານ: ......,

ເມືອງ: ................., ແຂວງ: ........................

ໝາຍເຫດ: ກະລຸນານຳເອົາໃບແຈ້ງເກີດນີ້ ໄປແຈ້ງຕໍ່ກະນະບ້ານ ເພື່ອນຳສະເໜີຕໍ່ພາກສ່ວນກ່ຽວຂ້ອງອອກໃບຢັ້ງຢືນການເກີດໃຫ້ ພາຍໃນກຳນົດ 1 ເດືອນ ຫຼັງເກີດ

ທີ່: ບະກອບຫວງວຽງຈັນ, ວັນທີ ..../..../ 2078

ທ້ອງຜ່ານແພດ

ຜູ້ອຳນວຍການ

ພິມມະຈັນ
PHOMMACHANH

ຄຫ. ຮອມໄຊ ລາດຊະວົງ



ສາທາລະນະລັດ ປະຊາທິປະໄຕ ປະຊາຊົນລາວ
ສັນຕິພາບ ເອກະລາດ ປະຊາທິປະໄຕ ເອກະພາບ ວັດທະນະຖາວອນ

ປະຕອບທ້ວງວ່ງຈັບ
ເມືອງ.............

เลກທີ **1 3 8 6** ─ ¯/ขพบ
ວັນທີ..**1 7 SEP 2016**..........

## ໜັງສືຢັ້ງຢືນການເກີດ

| 1 | ຊື່ ແລະ ນາມສະກຸນ (ເພດ) | ທ້າວ ຊຸດໃຈ ຈະເຣີນສັກ (ຊາຍ) |
|---|---|---|
| | ວັນ, ເດືອນ, ປີເກີດ | 02/03/1975 |
| | ວັນ, ເດືອນ, ປີເກີດ ຂຽນເປັນຕົວໜັງສື | ວັນທີ ສອງ ເດືອນ ມີນາ ປີ ພັນເກົ້າຮ້ອຍ ເຈັດສິບ ຫ້າ |
| | ບ່ອນເກີດ ບ້ານ ເມືອງ ແຂວງ | ບ້ານ ນາໃຕ້ ເມືອງ ໄຊເສດຖາ , ນະຄອນຫຼວງວຽງຈັນ |
| | ເຊື້ອຊາດ ສັນຊາດ | ເຊື້ອຊາດ ລາວ ສັນຊາດ ລາວ |
| | ຊື່ ແລະ ນາມສະກຸນພໍ່ | ທ້າວ ໃຈ້ງ ຈະເຣີນສັກ (ຕາຍ) |
| | ອາຍຸ ອາຊີບ | ເວລາ ສົບ ຊີ້ ປີ ອາຊີບ ປະຊາຊົນ |
| | ເຊື້ອຊາດ ສັນຊາດ | ເຊື້ອຊາດ ລາວ ສັນຊາດ ລາວ |
| | ທີ່ຢູ່ປັດຈຸບັນ ບ້ານ ເມືອງ ແຂວງ | ບ້ານ ນາໃຕ້ ເມືອງ ໄຊເສດຖາ , ນະ ຄອນຫຼວງວຽງຈັນ |
| | ຊື່ ແລະ ນາມສະກຸນແມ່ | ນາງ ບົວພາ ຈະເຣີນສັກ |
| | ອາຍຸ ອາຊີບ | ເວລາ ສົບ ເຈັດ ປີ ອາຊີບ ປະຊາຊົນ |
| | ເຊື້ອຊາດ ສັນຊາດ | ເຊື້ອຊາດ ລາວ ສັນຊາດ ລາວ |
| | ທີ່ຢູ່ປັດຈຸບັນ ບ້ານ ເມືອງ ແຂວງ | ບ້ານ ນາໃຕ້ ເມືອງ ໄຊເສດຖາ , ນະຄອນຫຼວງວຽງຈັນ |
| 2 | ຊື່ ແລະ ນາມສະກຸນ ຜູ້ແຈ້ງເກີດ | ທ້າວ ໃຈ້ງ ຈະເຣີນສັກ (ຕາຍ) |
| | ອາຍຸ ອາຊີບ | ເວລາ ຊີວ ຊີ້ ປີ ອາຊີບ ປະຊາຊົນ |
| | ທີ່ຢູ່ປັດຈຸບັນ ບ້ານ ເມືອງ ແຂວງ | ບ້ານ ນາໃຕ້ ເມືອງ ໄຊເສດຖາ , ນະຄອນຫຼວງວຽງຈັນ |
| | ສາຍສຳພັນກັບຜູ້ເກີດ | ພໍ່ລູກ |

| 3 | ຊື່ ແລະ ນາມສະກຸນ ພະຍານທີ 1 | |
|---|---|---|
| | ອາຍຸ ອາຊີບ | |
| | ທີ່ຢູ່ປັດຈຸບັນ ບ້ານ ເມືອງ ແຂວງ | |
| | ຊື່ ແລະ ນາມສະກຸນ ພະຍານທີ 2 | |
| | ອາຍຸ ອາຊີບ | |
| | ທີ່ຢູ່ປັດຈຸບັນ ບ້ານ ເມືອງ ແຂວງ | |
| | ຊື່ ແລະ ນາມສະກຸນ ພະຍານທີ 3 | |
| | ອາຍຸ ອາຊີບ | |
| | ທີ່ຢູ່ປັດຈຸບັນ ບ້ານ ເມືອງ ແຂວງ | |

ເຈົ້າໜ້າທີ່ທະບຽນຄອບຄົວ

ນ. ຫຍອງ ຊະນະສິງ

ນາຍບ້ານ

ຄຳຫຼ້າ ທໍລະນິນ
Khamla THORANIN

ທິວໜ້າຫ້ອງການພາຍໃນເມືອງ

ນ.ພອນຈັນ ສົມວິຈິດ

ພະຍານ

1. .....................

2. .....................

3. .....................

| 3 | ຊື່ ແລະ ນາມສະກຸນ ພະຍານທີ 1 | |
|---|---|---|
| | ອາຍຸ  ອາຊີບ | |
| | ທີ່ຢູ່ປັດຈຸບັນ ບ້ານ ເມືອງ ແຂວງ | |
| | ຊື່ ແລະ ນາມສະກຸນ ພະຍານທີ 2 | |
| | ອາຍຸ  ອາຊີບ | |
| | ທີ່ຢູ່ປັດຈຸບັນ ບ້ານ ເມືອງ ແຂວງ | |
| | ຊື່ ແລະ ນາມສະກຸນ ພະຍານທີ 3 | |
| | ອາຍຸ  ອາຊີບ | |
| | ທີ່ຢູ່ປັດຈຸບັນ ບ້ານ ເມືອງ ແຂວງ | |



ເຈົ້າໜ້າທີ່ທະບຽນຄອບຄົວ

ນ. ຂຸວຽງ ຊະນະສິ່ງ

ນາຍບ້ານ

ຄຳຫຼ້າ ທໍລະນິນ
Khamla THORANIN

ຫົວໜ້າຫ້ອງການພາຍໃນເມືອງ

ພະຍານ

1.........................

2.........................

3.........................

ນ.ພອນຈັນ ສົມວິຈິດ



ສາທາລະນະລັດ ປະຊາທິປະໄຕ ປະຊາຊົນລາວ
ສັນຕິພາບ ເອກະລາດ ປະຊາທິປະໄຕ ເອກະພາບ ວັດທະນະຖາວອນ

ນະຄອນຫຼວງວຽງຈັນ
ເມືອງ ໄຊເສດຖາ......

ເລກທີ............1386 ─ ┐ /ທະບຽນ

ວັນທີ...11. SEP. 2018...........

## ໜັງສືຢັ້ງຢືນການເກີດ

| 1 | ຊື່ ແລະ ນາມສະກຸນ ເພດ | ທ້າວ ຈຸ໋ລໃຈ ຈະເຣີນສັກ ( ຊາຍ ) |
|---|---|---|
| | ວັນ, ເດືອນ, ປີເກີດ | 02 / 03 / 1975 |
| | ວັນ, ເດືອນ, ປີເກີດ ຂຽນເປັນຕົວໜັງສື | ວັນທີ ສອງ ເດືອນ ມານ ປີ ພັນເກົ້າຮ້ອຍ ເຈັດສິບ ຫ້າ |
| | ບ່ອນເກີດ ບ້ານ ເມືອງ ແຂວງ | ບ້ານ ນາໄຊ ເມືອງ ໄຊເສດຖາ , ນະຄອນຫຼວງວຽງຈັນ |
| | ເຊື້ອຊາດ ສັນຊາດ | ເຊື້ອຊາດ ລາວ ສັນຊາດລາວ |
| | ຊື່ ແລະ ນາມສະກຸນພໍ່ | ທ້າວ ໂງ້ນ ຈະເຣີນສັກ ( ຕາຍ ) |
| | ອາຍຸ ອາຊີບ | ເຈັດສິບຫ້າ ປີ ອາຊີບ ປະຊາຊົນ |
| | ເຊື້ອຊາດ ສັນຊາດ | ເຊື້ອຊາດ ລາວ ສັນຊາດລາວ |
| | ທີ່ຢູ່ປັດຈຸບັນ ບ້ານ ເມືອງ ແຂວງ | ບ້ານ ນາໄຊ ເມືອງ ໄຊເສດຖາ , ນະຄອນຫຼວງວຽງຈັນ |
| | ຊື່ ແລະ ນາມສະກຸນແມ່ | ນາງ ບົວພາ ຈະເຣີນສັກ . |
| | ອາຍຸ ອາຊີບ | ເຈັດສິບ ເຈົ້າປີ ອາຊີບ ປະຊາຊົນ |
| | ເຊື້ອຊາດ ສັນຊາດ | ເຊື້ອຊາດ ລາວ ສັນຊາດລາວ |
| | ທີ່ຢູ່ປັດຈຸບັນ ບ້ານ ເມືອງ ແຂວງ | ບ້ານ ນາໄຊ ເມືອງ ໄຊເສດຖາ , ນະຄອນຫຼວງວຽງຈັນ |
| 2 | ຊື່ ແລະ ນາມສະກຸນ ຜູ້ແຈ້ງເກີດ | ທ້າວ ໂງ້ນ ຈະເຣີນສັກ ( ຕາຍ ) |
| | ອາຍຸ ອາຊີບ | ເຈັດສິບຫ້າ ປີ ອາຊີບ ປະຊາຊົນ |
| | ທີ່ຢູ່ປັດຈຸບັນ ບ້ານ ເມືອງ ແຂວງ | ບ້ານ ນາໄຊ ເມືອງ ໄຊເສດຖາ ນະຄອນຫຼວງວຽງຈັນ |
| | ສາຍສຳພັນກັບຜູ້ເກີດ | ພໍ່ |



**ສາທາລະນະລັດ ປະຊາທິປະໄຕ ປະຊາຊົນລາວ**
**ສັນຕິພາບ ເອກະລາດ ປະຊາທິປະໄຕ ເອກະພາບ ວັດທະນະຖາວອນ**

ນະຄອນຫຼວງວຽງຈັນ
ເມືອງ ໄຊເສດຖາ

ເລກທີ 1386 —
.............../ທຽບ
ວັນທີ 1 7 SEP 2018

## ໜັງສືຢັ້ງຢືນການເກີດ

| 1 | ຊື່ ແລະ ນາມສະກຸນ ເພດ | ທ້າວ ຊຸດໃຈ ຈະເຮີນລັກ (ຊາຍ) |
|---|---|---|
| | ວັນ, ເດືອນ, ປີເກີດ | 02 / 03 / 1975 |
| | ວັນ, ເດືອນ, ປີເກີດ ຂຽນເປັນຕົວໜັງສື | ວັນທີ ສອງ ເດືອນ ມີນາ ປີ ພັນເກົ້າຮ້ອຍ ເຈັດສິບ ຫ້າ |
| | ບ່ອນເກີດ ບ້ານ ເມືອງ ແຂວງ | ບ້ານ ມາດຸ ເມືອງ ໄຊເສດຖາ, ນະຄອນຫຼວງວຽງຈັນ |
| | ເຊື້ອຊາດ ສັນຊາດ | ເຊື້ອຊາດ ລາວ ສັນຊາດລາວ |
| | ຊື່ ແລະ ນາມສະກຸນພໍ່ | ທ້າວ ໂງ່ນ ຈະເຮີນລັກ (ຕາຍ) |
| | ອາຍຸ ອາຊີບ | ເຈັດສິບ ປີ ອາຊີບ ປະຊາຊົນ |
| | ເຊື້ອຊາດ ສັນຊາດ | ເຊື້ອຊາດ ລາວ ສັນຊາດ ລາວ |
| | ທີ່ຢູ່ປັດຈຸບັນ ບ້ານ ເມືອງ ແຂວງ | ບ້ານ ມາດຸ ເມືອງ ໄຊເສດຖາ, ນະຄອນຫຼວງວຽງຈັນ |
| | ຊື່ ແລະ ນາມສະກຸນແມ່ | ນາງ ບົວພາ ຈະເຮີນລັກ |
| | ອາຍຸ ອາຊີບ | ເຈັດສິບ ເຈັດ ປີ ອາຊີບ ປະຊາຊົນ |
| | ເຊື້ອຊາດ ສັນຊາດ | ເຊື້ອຊາດ ລາວ ສັນຊາດ ລາວ |
| | ທີ່ຢູ່ປັດຈຸບັນ ບ້ານ ເມືອງ ແຂວງ | ບ້ານ ມາດຸ ເມືອງ ໄຊເສດຖາ, ນະຄອນຫຼວງວຽງຈັນ |
| 2 | ຊື່ ແລະ ນາມສະກຸນ ຜູ້ແຈ້ງເກີດ | ທ້າວ ໂງ່ນ ຈະເຮີນລັກ (ຕາຍ) |
| | ອາຍຸ ອາຊີບ | ເຈັດສິບ ປີ ອາຊີບ ປະຊາຊົນ |
| | ທີ່ຢູ່ປັດຈຸບັນ ບ້ານ ເມືອງ ແຂວງ | ບ້ານ ມາດຸ ເມືອງ ໄຊເສດຖາ, ນະຄອນຫຼວງວຽງຈັນ |
| | ສາຍສຳພັນກັບຜູ້ເກີດ | ພໍ່ |



| 3 | ຊື່ ແລະ ນາມສະກຸນ ພະຍານທີ 1 | ... |
|---|---|---|
| | ອາຍຸ ອາຊີບ | ... |
| | ທີ່ຢູ່ປັດຈຸບັນ ບ້ານ ເມືອງ ແຂວງ | ... |
| | ຊື່ ແລະ ນາມສະກຸນ ພະຍານທີ 2 | ... |
| | ອາຍຸ ອາຊີບ | ... |
| | ທີ່ຢູ່ປັດຈຸບັນ ບ້ານ ເມືອງ ແຂວງ | ... |
| | ຊື່ ແລະ ນາມສະກຸນ ພະຍານທີ 3 | ... |
| | ອາຍຸ ອາຊີບ | ... |
| | ທີ່ຢູ່ປັດຈຸບັນ ບ້ານ ເມືອງ ແຂວງ | ... |

--- 031 ---

| 3 | ຊື່ ແລະ ນາມສະກຸນ ພະຍານທີ 1 | ຫາ ລີ ດ້ງຍາ ຫຼ |
| | ອາຍຸ ອາຊີບ | ຫາງ ລົນ ຫຼ ອາຊີ ...ໄລຫາ |
| | ທີ່ຢູ່ປັດຈຸບັນ ບ້ານ ເມືອງ ແຂວງ | ບ້ານ ຫາຍ ເມືອງ ແຂວງ ... ແຂວງ ...ໄລ |
| | ຊື່ ແລະ ນາມສະກຸນ ພະຍານທີ 2 | ລຸ ໄພ ດາລາຫາ ເງິນຫາ |
| | ອາຍຸ ອາຊີບ | ຫາງ ລົນ ຫຼ ອາຊີ ...ໄລຫາ |
| | ທີ່ຢູ່ປັດຈຸບັນ ບ້ານ ເມືອງ ແຂວງ | ບ້ານ ຫາ ເມືອງ ...ໄຫາ |
| | ຊື່ ແລະ ນາມສະກຸນ ພະຍານທີ 3 | ບ້ານ ໄພຫາລາຫາ ຫາຊີຫາຫາ |
| | ອາຍຸ ອາຊີບ | ຫາງ ລົນໄທ ຫຼ ອາຊີ ...ໄຫາຫາ |
| | ທີ່ຢູ່ປັດຈຸບັນ ບ້ານ ເມືອງ ແຂວງ | ບ້ານ ຫາ ເມືອງ ...ໄຫາ |

ເຈົ້າໜ້າທີ່ທະບຽນຄອບຄົວ    ນາຍບ້ານ    ພະຍານ

ນ. ຢວງ ຊະນະສິງ

ຄຳລ້າ ທໍລະນີ
Khamla THORANI

ຫົວໜ້າຫ້ອງການຂາຍໃບເມືອງ

ນ.ພອນຈັນ ສິນວິຈິດ

--- 032 ---

| 3 | ຊື່ ແລະ ນາມສະກຸນ ພະຍານທີ 1 | |
|---|---|---|
| | ອາຍຸ  ອາຊີບ | |
| | ທີ່ຢູ່ປັດຈຸບັນ ບ້ານ ເມືອງ ແຂວງ | |
| | ຊື່ ແລະ ນາມສະກຸນ ພະຍານທີ 2 | |
| | ອາຍຸ  ອາຊີບ | |
| | ທີ່ຢູ່ປັດຈຸບັນ ບ້ານ ເມືອງ ແຂວງ | |
| | ຊື່ ແລະ ນາມສະກຸນ ພະຍານທີ 3 | |
| | ອາຍຸ  ອາຊີບ | |
| | ທີ່ຢູ່ປັດຈຸບັນ ບ້ານ ເມືອງ ແຂວງ | |

ເຈົ້າໜ້າທີ່ທະບຽນຄອບຄົວ                     ນາຍບ້ານ                          ພະຍານ

ປ. ພຸວງ ຊະນະສິງ                                                          1....................

ນາຍບ້ານ                          2....................
ບ້ານ
ນາໄຊ                           3....................

ຄຳຫຼ້າ ທໍລະນີນ
Khamla THORANIN

ທ່ອງໜ້າຫ້ອງການພາຍໃນເມືອງ

ປ.ພອນຈັນ ສົມວິຈິດ

Keep this stub with your personal records. The other side contains important information.

Please note: The date we issued this card is shown below the signature line.

ılı ılı ılı ıllllllllllıllı ıllı ılı ıllı ıllı ıllı llı ıllı ıllı ılı ılı
SOUTCHAY CHAREUNSACK
709 W MOYAMENSING AVE
PHILADELPHIA PA 19148-3251

APPLIES: Sign this card in ink immediately.
CHILDREN: Do not sign until age 18 or your first job, whichever is earlier.

Keep your card in a safe place to prevent loss or theft.
DO NOT CARRY THIS CARD WITH YOU.
Do not laminate.



SOCIAL SECURITY

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

THIS NUMBER HAS BEEN ESTABLISHED FOR

SOUTCHAY
CHAREUNSACK

SIGNATURE

11/02/2016



--- 034 ---









School District of Philadelphia
**Student Records Supervisor**

440 N. Broad Street
Philadelphia, PA 19130

recordsrequest@philasd.org

## ALUMNI RECORD REQUEST PACKET

*First Name:* SOUTCHAY                                    Order #:  C34F6VGPO

*Last Name:* CHAREUNSACK

Thank you for your request for an aspect of your Alumni Student Record.   Based upon the information you provided, we have fulfilled your request and included all copies requested herein.

In addition, we have enclosed a copy of your receipt.  If you have any questions please feel free to contact us via email at recordsrequest@philasd.org.

*Items included in this packet:*
- Cover Letter
- Alumni Record Originals/Copies
- Payment Receipt

If you have any additional student records needs, please let us know.  We are here to serve and look forward to working with you again soon.


**Thank you,**

**The Student Records Team**
School District of Philadelphia

1/8/20 11:20 AM

School District of Philadelphia
**Student Records Supervisor**

440 N. Broad Street
Philadelphia, PA 19130

recordsrequest@philasd.org

T H E   S C H O O L   D I S T R I C T   O F
# PHILADELPHIA

## ALUMNI RECORD REQUEST

C34F6VGPO
**Type:** STUDENT
**Payment:** $14.15

**Name While Attending School:**

*Last Name:* CHAREUNSACK              *First Name:* SOUTCHAY
*Middle Name:*                        *Maiden Name:*              *Suffix:*

*Student Id:*

**Address While Attending School:**

*Line 1:*
*Line 2:*
*City:*              *State:*          *Zip:*        *Country:* UNITED STATES

**Birth Information:**

*Date of Birth:* 02/03/1975           *Birth Location:*
                                                      UNITED STATES

**Last School Of Attendance:**

*School Name:* SOUTH PHILADELPHIA HS - EVENING    *Last Year Enrolled:* 1992    *Graduate:* FALSE
                SCHOOL ~ 2101 S BROAD ST
*Attended Summer School:* FALSE       *Last Year:*
*Attended Night School:* FALSE        *Last Year:*

**Current Name:**

*Last Name:* CHAREUNSACK              *First Name:* SOUTCHAY
*Middle Name:*                        *Maiden Name:*              *Suffix:*

**Current Residence /Mailing Address:**

*Res Line 1:* 709 W. MOYAMENSING AVE
*Res Line 2:*
*City:* PHILADELPHIA    *State:* PA    *Zip:* 19148    *Country:* UNITED STATES

*Mailing Line 1:*
*Mailing Line 2:*
*City:*              *State:*          *Zip:*        *Country:* UNITED STATES

**Contact Info:**

*Phone:*            *Fax:*            *Work:*         *Cell:* 12676941061
*Email:* SOUTCHAY1@GMAIL.COM                          *Opt In:* TRUE

*Driver / Govt. Id:*                  *Issued:*

**Special Instructions:**  IF MY PARENTS NAME ARE NOT AVAILABLE CANCEL REQUEST AND REFUND MONEY

**Documents Requested:**              **Reasons Requested:**
VERIFICATION OF BIRTH DATE            OTHER

**Addresses Requested:** *(name, attn, line1, line2, city, state, country,#copies)*
SOUTCHAY CHAREUNSACK,  , 709 W. MOYAMENSING AVE,  , PHILADELPHIA, PENNSYLVANIA, UNITED
STATES, 19148, 1



*C34F6VGPO*



# Confirmation

**This is not a proof of payment or approved request.** This document indicates that either payment was attempted online, via credit / debit card, a valid coupon code, or that a money order request was submitted.

**IF YOU SELECTED TO PAY BY 'MONEY ORDER'**
**YOU MUST SEND A COPY OF THIS RECEIPT TO:**

The School District of Philadelphia
Records Department
440 North Broad Street
Philadelphia, PA 19130-4015

A COPY OF THIS RECEIPT SHOULD BE KEPT AND REFERENCED IN ALL FOLLOW-ON CORRESPONDENCE.

| | |
|---|---|
| **Transaction Date:** | 01/08/2020 11:20:43 |
| **Name:** | soutchay chareunsack |
| **Order Number:** | C34F6VGPO |
| **Vendor Info:** | sc-SCRIBSLLC |
| **Card Type:** | Credit Card |
| **Amount:** | $14.15 |
| **Authorization Code:** | 08791B |

**Payment Collected By:**
**Scribbles Software, LLC**
**363 N Church Street**
**Suite K**
**Concord, North Carolina 28205**

NO REFUNDS ARE ALLOWED

A COPY OF THIS RECEIPT SHOULD BE KEPT AND REFERENCED IN ALL FOLLOW-ON CORRESPONDENCE.



## CERTIFICATION OF SCHOOL RECORD

OF **Soutchay Chareunsack**

DATE OF BIRTH **Feb. 2, 1975**          EVIDENCE OF AGE **School Records**

NAME OF FATHER **NGOM**          NAME OF MOTHER **Bounpha**

COUNTRY OF BIRTH OF CHILD **Not listed**     OF FATHER **Not listed**   OF MOTHER **Not Listed**

### SCHOOLS ATTENDED

| | DATE ADMITTED | GRADE | SCHOOL | | DATE ADMITTED | GRADE | SCHOOL |
|---|---|---|---|---|---|---|---|
| 1 | Sept 11, 1989 | 8 | Taggart | 7 | | | |
| 2 | Sept 7, 1990 | | FLC | 8 | | | |
| 3 | Sept 13, 1990 | 9 | South Phila | 9 | | | |
| 4 | | | | 10 | | | |
| 5 | | | | 11 | | | |
| 6 | | | | 12 | | | |

WITHDRAWN FROM PUBLIC SCHOOL SYSTEM

DATE **Feb 3, 1992**   REASON **Withdrawn**

**South Phila**

SCHOOL DISTRICT OF PHILADELPHIA
STUDENT RECORDS INFORMATION CENTER
440 N. BROAD STREET
PHILADELPHIA, PA 19130

OFFICIAL RECORD

OFFICE OF
RECORDS MANAGEMENT

I CERTIFY THAT THE INFORMATION GIVEN IS COPIED FROM
OFFICIAL SCHOOL RECORDS ON FILE IN THIS OFFICE

1 / 9 / 20 **20**          _Timothy_

MANAGER, RECORDS SERVICES

RM-1 (Rev. 10/99) - CERTIFICATION OF SCHOOL RECORD



THE SCHOOL DISTRICT OF
# PHILADELPHIA

**Student Profile**

SOUTCHAY CHAREUNSACK
Student ID: 0586929
DOB: 02/02/1975

Gender: M
Grade: 09
Date Generated: January 8, 2020

## Enrollment Summary

Last Overall Status: WITHDRAWN 02/03/1992
Last District Status: WITHDRAWN 02/03/1992

| Year | School | Grade | Entry | | Exit | |
|------|--------|-------|-------|---|------|---|
| 1991-92 | SOUTH PHILADELPHIA HIGH SCHOOL | 09 | 09/11 | INITIAL ENTRY SAME SCHOOL NEXT GRADE | 02/03 | PAST REQ AGE - OTHER |
| 1990-91 | SOUTH PHILADELPHIA HIGH SCHOOL | 09 | 09/13 | DESEGREGATION TRANSFER | | |
| 1990-91 | FRANKLIN LEARNING CENTER | UG | 09/07 | INITIAL ENTRY NEW SCHOOL NEXT GRADE | 09/12 | DESEGREGATION TRANSFER |
| 1989-90 | TAGGART, JOHN H. SCHOOL | 08 | 09/11 | INITIAL ENTRY NEW SCHOOL NEXT GRADE | | |

## Special Education Summary

Special education information not present for the student

## Address Summary

| Year | Address |
|------|---------|
| 1991-92 | 604 W MOYAMENSING AVE PHILADELPHIA, PA 19148 |
| 1990-91 | 604 W MOYAMENSING AVE PHILADELPHIA, PA 19148 |
| 1989-90 | 604 W MOYAMENSING AVE PHILADELPHIA, PA 19148 |

## Attendance Summary

### 1991-92 Attendance

| Day | Date | Type | Day | Date | Type |
|-----|------|------|-----|------|------|
| Wed | 09/11/1991 | ILLEGAL | Thu | 09/12/1991 | ILLEGAL |
| Fri | 09/13/1991 | ILLEGAL | Thu | 09/19/1991 | ILLEGAL |
| Fri | 09/20/1991 | ILLEGAL | Tue | 09/24/1991 | ILLEGAL |
| Wed | 09/25/1991 | ILLEGAL | Thu | 09/26/1991 | ILLEGAL |
| Fri | 09/27/1991 | ILLEGAL | Mon | 09/30/1991 | ILLEGAL |
| Wed | 10/02/1991 | ILLEGAL | Thu | 10/03/1991 | ILLEGAL |
| Fri | 10/04/1991 | ILLEGAL | Tue | 10/08/1991 | ILLEGAL |
| Fri | 10/11/1991 | ILLEGAL | Tue | 10/15/1991 | ILLEGAL |
| Thu | 10/17/1991 | ILLEGAL | Fri | 10/18/1991 | ILLEGAL |
| Tue | 10/22/1991 | ILLEGAL | Fri | 10/25/1991 | ILLEGAL |
| Wed | 11/06/1991 | ILLEGAL | Fri | 11/08/1991 | ILLEGAL |
| Tue | 11/12/1991 | ILLEGAL | Wed | 11/13/1991 | ILLEGAL |
| Thu | 11/14/1991 | ILLEGAL | Fri | 11/15/1991 | ILLEGAL |
| Mon | 11/18/1991 | ILLEGAL | Tue | 11/19/1991 | ILLEGAL |
| Wed | 11/20/1991 | ILLEGAL | Thu | 11/21/1991 | ILLEGAL |
| Fri | 11/22/1991 | ILLEGAL | Mon | 11/25/1991 | ILLEGAL |
| Tue | 11/26/1991 | ILLEGAL | Wed | | ILLEGAL |

OFFICIAL RECORD
BOARD OF EDUCATION
SCHOOL DISTRICT OF PHILADELPHIA
OFFICE OF
RECORDS MANAGEMENT

SOUTCHAY CHAREUNSACK (0586929)

Please be advised that this is not an official
document without the School District of Philadelphia seal.

STUDENT RECORDS INFORMATION
440 N. BROAD STREET
PHILADELPHIA, PA 19130

# Student Lookup

Run Date: Wednesday, January 8, 2020

| Student ID | Issue # | Last Name | First Name | MI | Name Suffix | DOB | Parent/Guardian 1 | Parent/Guardian 2 | Last Overall Status | Last Enroll SY | Last Enroll School |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 5656929 | 2 | CHAREUNSACK | SOUTCHAY | | | 02/02/1975 | BOUNPHANGOM(FATHER) | | WITHDRAWN 02/03/1992 | 1991-92 | SOUTH PHILADELPHIA HIGH SCHOOL |



SCHOOL DISTRICT OF PHILADELPHIA
STUDENT RECORDS INFORMATION CENTER
440 N. BROAD STREET
PHILADELPHIA, PA 19130

OFFICIAL RECORD

OFFICE OF
RECORDS MANAGEMENT



OMB No. 1651-0111

Oct 11, 2016
DSY 1150/DUD

EMPLOYMENT AUTHORIZED    Oct 10, 2017

1. CHARGUNSACK

2. First (Given) Name
SOUTCHAY

3. Birth Date (DD/MM/YY)
03/02/75

4. Country of Citizenship
LAOS

5. Sex (Male or Female)
MALE

6. Passport Issue Date (DD/MM/YY)

7. Passport Expiration Date (DD/MM/YY)

8. Passport Number

9. Airline and Flight Number

10. Country Where You Live
USA

11. Country Where You Boarded

12. City Where Visa Was Issued

13. Date Issued (DD/MM/YY)
10/11/16

14. Address While in the United States (Number and Street)
709 W MOYAMENSING AVE

15. City and State
PHILADELPHIA PA 19148

16. Telephone Number in the U.S. Where You Can be Reached

17. Email Address

CBP Form I-94 (05/08)

| 22. Occupation | 23. Waivers |
|---|---|
| 24. CIS A Number | 25. CIS FCO |
| A-0238662534 | |
| 26. Petition Number | 27. Program Number |
| 28. ☐ Bond | 29. ☐ Prospective Student |

30. Itinerary/Comments

R86 NEW 01/18/80
I-90 filed 10EO111297781

Southay Chareunsack

31. TWOV Ticket Number

**Paperwork Reduction Act Statement:** An agency may not conduct or sponsor an information collection and a person is not required to respond to this information unless it displays a current valid OMB control number. The control number for this collection is 1651-0111. The estimated average time to complete this application is 8 minutes per respondent. If you have any comments regarding the burden estimate you can write to U.S. Customs and Border Protection, Asset Management, 1300 Pennsylvania Avenue, NW, Washington DC 20229

**U.S. Department of Justice**
Immigration and Naturalization Service (INS)

**Application by Lawful Permanent Resident for New Alien Registration Receipt Card**

OMB#1115-0004

**DO NOT WRITE IN THIS BLOCK.**

G-28 or Volag# 28-862-534

F/P to FBI

I-89 to TFC 4-20-92

Action Stamp: APPROVED APR 17 1992 PMI 0753

Fee Stamp: RECEIVED U.S. IMM. & NATZ. SERVICE 95 OCT -4 AM 8:55 MAILROOM

Status Verified: CLAIMS By BM on 01/21/92 Class P86

1. Name (Family name in CAPS) (First) (Middle)
CHAREUNSACK SOUTCHAY

2. Address (Number and Street) (Apartment Number)
604 W. Moyamansing Ave.
(Town or City) (State/Country) (ZIP/Postal Code)
Philadelphia P.A. 19148

3. Place of Birth (Town or City) (State/Country)
Thakhek Laos

4. Date of Birth (Mo/Day/Yr) 2-3-75
5. Sex: Male ☑ Female

6. Name used when admitted as permanent resident (if different from 1.)
Soutchay Chareunsack

7. Social Security Number (if any) 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
8. Alien Registration Number (if any) A23-862-534

9. Country of Citizenship

10. Your Mother's First Name Bounpha
11. Your Father's First Name Ngon

12. The city you lived in when you applied for your immigrant visa or for adjustment of status

13. Your destination (city and state) in the U.S. at the time of your original admission.

14. The consulate where your immigrant visa was issued or the INS office where your status was adjusted to permanent resident.

15. Your port of admission to the U.S. if you entered with an immigrant visa. NEW

16. The date you were admitted or adjusted to permanent resident status. 1-18-80

17. List the date of all your absences from the U.S. lasting one year or longer since you became a permanent resident.

18. Reason for new card (if you check a or b, you must pay $35.00 to file this form.)
a. ☑ My alien registration receipt card was lost, stolen, destroyed, or mutilated. Explain how the card was lost, stolen, destroyed, or mutilated. (Attach the remainder of the card, if it exists.)
b. ☐ My name has been changed. (Attach the decree of the court or the marriage certificate and your old card.)
c. ☐ I am required to be registered and fingerprinted after my 14th birthday. (Attach your old card. You MUST use the fingerprint card Form FD-258, which you can get from any U.S. Consular or INS office.)
d. ☐ I am an alien commuter taking up permanent residence in the U.S. (Attach your old card.)
e. ☐ I received an incorrect card. (Attach your old card and explain what is wrong with it.)
f. ☐ I never received my card.
g. ☐ Other (Explain)

**Penalties:** You may, by law, be fined up to $10,000 or imprisoned up to five years, or both, for knowingly and willfully falsifying or concealing a material fact or using any false document in submitting this application.

**Your Certification:** I certify, under penalty of perjury of the law of the United Sates of America, that the above information is true and correct. Furthermore, I authorize the release of any information from my records which the Immigration and Naturalization Service needs to determine if I am eligible for the benefit that I am seeking.

Signature Soutchay Chareunsack Date 1-21-92 Phone Number 755-9151

**Signature of Person Preparing Form is Other than Above**
I declare that I prepared this document at the request of the person above and that it is based on all information of which I have any knowledge.

(Print Name) Requested
G-28 ID Number 1/28/92
Volag Number

Form I-90 (Rev. 8/25/89) Y

--- 046 ---

171

## I-90 SUPPLEMENT FOR ISSUANCE OF I-551

NOTE: THIS APPLICATION MUST BE SUBMITTED IN PERSON BY THE APPLICANT AT THE
NEAREST IMMIGRATION OFFICE OR PORT OF ENTRY TO THE UNITED STATES

*A23-862-534*       *CHAREUNSACK*       *SOUTCHAY*
ALIEN NUMBER          LAST NAME           FIRST NAME        MIDDLE NAME

IN CARE OF

ADDRESS   *70 LAWRENCE ST. 2ND FL.*
NUMBER/STREET

*HACKENSACK*          *NEW JERSEY*        *N.J. 07601*
CITY                   STATE               ZIP CODE

*BOUN PHA*             *NGON*              *KHANMOUANE*
MOTHER'S FIRST NAME    FATHER'S FIRST NAME  CITY/TOWN/VILLAGE OF BIRTH

*HACKENSACK*           *GLEN ROCK*         *BANGKOK*
CITY OF RESIDENCE WHEN  CITY OF DESTINATION AT  LOCATION OF CONSULATE
APPLYING FOR THIS STATUS TIME OF ORIGINAL ADMISSION  OR IMMIGRATION OFFICE
                        TO THE UNITED STATES  WHERE ADJUSTED

*2-3-75*       *NYC*      *1-18-80*      *LAOS*
DATE OF BIRTH   PORT OF ENTRY   DATE OF ENTRY   COUNTRY OF
                                OR ADJUSTMENT    BIRTH



# COLOR PHOTOGRAPH
# SPECIFICATIONS

◄ SAMPLE PHOTOGRAPH          HEAD SIZE(INCLUDING HAIR) ►
                              MUST FIT INSIDE OVAL



SUBMIT THREE (2) COLOR PHOTOS
MEETING THE FOLLOWING SPECIFICATIONS

22MM (7/8") HEAD WIDTH
29MM (1 1/8") CHIN TO TOP OF HAIR

● PHOTOGRAPH MUST SHOW THE SUBJECT IN A ¾ FRONTAL PORTRAIT AS SHOWN ABOVE

● RIGHT EAR MUST BE EXPOSED IN PHOTOGRAPH FOR ALL APPLICANTS, HATS MUST NOT BE WORN

● PHOTOGRAPH OUTER DIMENSION MUST BE LARGER THAN 1 ⅜"W x 1 ¾"H, BUT HEAD SIZE (INCLUDING HAIR) MUST FIT WITHIN THE ILLUSTRATED OVAL (OUTER DIMENSION DOES NOT INCLUDE BORDER IF ONE IS USED)

● PHOTOGRAPH MUST BE COLOR WITH A WHITE BACKGROUND EQUAL IN REFLECTANCE TO BOND TYPING PAPER

● SURFACE OF THE PHOTOGRAPH MUST BE GLOSSY

● PHOTOGRAPH MUST NOT BE STAINED, CRACKED, OR MUTILATED, AND MUST LIE FLAT

● PHOTOGRAPHIC IMAGE MUST BE SHARP AND CORRECTLY EXPOSED, PHOTOGRAPH MUST BE UN-RETOUCHED

● PHOTOGRAPH MUST NOT BE PASTED ON CARDS OR MOUNTED IN ANY WAY

● Two(2) PHOTOGRAPHS OF EVERY APPLICANT, REGARDLESS OF AGE, MUST BE SUBMITTED

● PHOTOGRAPHS MUST BE TAKEN WITHIN THIRTY (30) DAYS OF APPLICATION DATE

● SNAPSHOTS, GROUP PICTURES, OR FULL LENGTH PORTRAITS WILL NOT BE ACCEPTED

● USING CRAYON OR FELT PEN, TO AVOID MUTILATION OF THE PHOTOGRAPHS, LIGHTLY PRINT YOUR NAME AND ALIEN REGISTRATION RECEIPT NUMBER IF KNOWN) ON THE BACK OF ALL PHOTOGRAPHS

● IMPORTANT NOTE - FAILURE TO SUBMIT PHOTOGRAPHS IN COMPLIANCE WITH THESE SPECIFICATIONS WILL DELAY THE PROCESSING OF YOUR APPLICATION

ER 530 11-78 (15)

UNITED STATES DEPARTMENT OF JUSTICE
Immigration and Naturalization Service

## MEMORANDUM OF CREATION OF RECORD OF LAWFUL PERMANENT RESIDENCE

Place *Newark*

File *A03862534*

Status as a lawful permanent resident of the United States is accorded:

| Name Street Address City, State, Zip | *Southay Chareunsack* *70 Lawrence St* *Hacksack, N.J. 07601* | | SEX *M* | DATE OF BIRTH *2-3-75* |
|---|---|---|---|---|
| | | | PLACE OF BIRTH *Laos* | |
| | | | NATIONALITY *Laos* | |

COUNTRY TO WHICH CHARGEABLE *(If any)* | PREFERENCE *(If any)* | PRIORITY DATE

REMARKS

NONPREFERENCE: ☐ Section 212(a)(14) certification not required because:

☐ Individual section 212(a)(14) certification issued    ☐ Blanket section 212(a)(14) certification issued

under the following provision of law:

☐ Sec 203(h) of the I & N Act    ☐ Sec 249 of the I & N Act    ☐ Sec 214(d) I & N Act
☐ Sec 244(   ) of the I & N Act    ☐ Sec 1 of the Act of 11/2/66    ☐ Private Law no._____ of the
Congress,_____ session
☐ Sec 245 of the I & N Act    ☐ Sec 13 of the Act of 9/11/57    ☒ *PL 95-412*
*(Other law Specify)*

As of *1 - 18 - 80* at *Newark*
(Month)   (Day)   (Year)           PORT OF ENTRY FOR PERMANENT RESIDENCE

Class of admission *(Insert symbol)* *R86*

RECOMMENDED BY: *(Immigration Officer)*        *(Date)*
*M Thompson*

DATE OF ACTION
DD
DISTRICT

B. S. APPROVED INS
FEB 22 1982
*John D Duffey*
NEWARK, N.J.

PROCESSED FOR I-551.
TEMPORARY EVIDENCE OF
LAWFUL ADMISSION (FOR)
PERMANENT RESIDENCE
VALID UNTIL_____
EMPLOYMENT AUTHORIZED.

*I-89 sent 2/23/82*

FOR USE BY VISA CONTROL OFFICE

Date_____

Foreign State_____

Preference Category_____

Number_____

Month of Issuance_____

Signed_____
*(Visa Office, Dept. of State)*

☐ Form I-357 delivered    ☐ Form I-151  Serial No._____
☐ mailed    ☐ delivered

CC: ☐ Visa Control Office, Visa Office, Department of State, Washington, D.C. 20520 for allocation of immigrant visa number.

Form I - 181 (Rev. 4-1-77)Y

--- 048 ---

(Page 1)  61

# APPLICATION BY INDOCHINESE REFUGEE FOR PERMANENT RESIDENCE

Form Approved
OMB No. 43-R0595

RECEIVED DATE RECEIVED
1981 DEC 29 PM 1:19
I&NS. NEWARK, N.J.

File Number

Applicant for benefits of
- [ ] Section 101 of the Act of October 28, 1977
- [ ] Section 103 of the Act of October 28, 1977
- [ ] Section 104 of the Act of October 28, 1977

DO NOT WRITE ABOVE THIS LINE. SEE INSTRUCTIONS BEFORE FILLING IN APPLICATION. IF YOU NEED MORE SPACE TO ANSWER FULLY ANY QUESTION ON THIS FORM, USE A SEPARATE SHEET AND IDENTIFY EACH ANSWER WITH THE NUMBER OF THE CORRESPONDING QUESTION. PRINT IN BLOCK LETTERS

COMPLETE ONLY ONE OF THE FOLLOWING ( 1A, 1B, OR 1C ):

1.A. I hereby apply to become a lawful permanent resident alien on the following basis:

I am a native or citizen of Vietnam, Laos, or Cambodia and have been physically present in the United States for at least two years and:

(1) [ ] was paroled into the United States as a refugee from those countries subsequent to March 31, 1975, but prior to January 1, 1979; or

(2) [ ] was inspected and admitted or paroled into the United States on or before March 31, 1975, and was physically present in the United States on March 31, 1975.

1.B. I hereby apply to have my admission for permanent residence recorded as of March 31, 1975, or the date of my arrival in the United States, whichever date is later. I was lawfully admitted for permanent residence prior to October 28, 1977.

[✓] I am a native or citizen of Vietnam, Laos, or Cambodia and I have been physically present in the United States for at least two years.

1.C. I hereby apply to become a lawful permanent resident alien on the following basis:

I am not a native or citizen of Vietnam, Laos, or Cambodia but I have been physically present in the United States for at least two years and I am the [ ] spouse [ ] minor unmarried child of a native or citizen of Vietnam, Laos, or Cambodia.

2. My name is (Family Name) CHAREUNSACK (First/Given Name) SOUTCHAY (Middle Name)
SEX [✓] Male [ ] Female

2A. Name which you were admitted to the United States (if different from above)

3. I reside in the United States at: (No. & Street) 70 LAWRENCE St. 2nd Floor (Apt. No.) (City & State) HACKENSACK NJ (Zip Code) 07601

4. Have you ever applied for permanent residence status in the United States? [ ] Yes [✓] No (If "Yes", give date and place of filing and final disposition.)

5. Alien registration No. A-23-862-534
6. I am now a citizen of (Country) LAOS
7. Date of Birth 3-3-75

8. Place of Birth (City or Town) KHAMMOUANE (County, Province, or State) (Country) LAOS

9. Name as appears on nonimmigrant document Form I-94
My I-94 permit number is: 0 8 8 8 2 8 3

10. My last arrival in the United States occurred on: DATE: (Month, Day, Year) 1-18-80
At the Port of (City, State) NYC

11. I arrived by (Name of vessel or other means of travel) ICEM
as a (Visitor, student, U.S. citizen, stowaway, immigrant, parolee, etc) REFUGEE

12. I [✓] was [ ] was not inspected
13. My nonimmigrant visa, number on (Month, Day, Year) 11-23-79 was issued by the U.S. Consul at (City, Country) BANGKOK, THAILAND

14. I have been married O times, including my present marriage, if now married. (If you are now married give the following)

A. Number of times my husband or wife has been married. O
B. Name of husband or wife (Wife's maiden name)

C. My husband or wife resides [ ] with me [ ] apart from me at Address (Apt. No.) (No. & Street) (Town or City) (Province or State) (Country)

15. I [✓] have [ ] have not been absent from the United States during the past two years.

FORM I—485 C (Rev. 8-9-78)N

RECEIVED | TRANS. IN --- 049 --- | RET'D TRANS. OUT | COMPLETED

(Page 1)

66



16. In the spaces below, list all of your entries into and departures from the United States. (Show your LAST entry FIRST)

| Date of Entry | Port of Entry | Entered as: (Visitor, student, parolee, stowaway, etc.) | Date of Departure | Port of Departure |
|---|---|---|---|---|
| 1-18-80 | NYC | REFUGEE | NONE | |
| | | | | |
| | | | | |
| | | | | |

17.A. I have 0 sons or daughters as follows: (Complete all columns as to each son or daughter; if living with you state "with me" in last column; otherwise give city and state or country of son's or daughter's residence.)

| Name | Sex | Place of Birth | Date of Birth | Now living at |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

B. The following members of my family are also applying for permanent resident status.

18. I list below all organizations, societies, clubs, and associations, past or present, in which I have held membership in the United States or a foreign country, and the periods and places of such membership. (If you have never been a member of any organization, state "None".)

19. I ☐ have ☑ have not been treated for a mental disorder, drug addiction or alcoholism. (If you have been, explain.)

20. I ☐ have ☑ have not been arrested, convicted or confined in a prison. (If you have been, explain.)

21. I ☐ have ☑ have not been the beneficiary of a pardon, amnesty, rehabilitation decree, other act of clemency or similar action. (If you have been, explain.)

22. I ☐ have ☑ have not ordered, assisted, or otherwise participated in the persecution of any person because of race, religion or political opinion. (If you have, explain.)

23. APPLICANTS FOR STATUS AS PERMANENT RESIDENTS MUST ESTABLISH THAT THEY ARE ADMISSIBLE TO THE UNITED STATES, EXCEPT AS OTHERWISE PROVIDED BY LAW. ALIENS WITHIN ANY OF THE FOLLOWING CLASSES ARE NOT ADMISSIBLE TO THE UNITED STATES AND ARE THEREFORE INELIGIBLE FOR STATUS AS PERMANENT RESIDENTS UNDER THE ACT OF OCTOBER 28, 1977:

Aliens who have committed or who have been convicted of a crime involving moral turpitude (does not include minor traffic violations); aliens who have been engaged in or who intend to engage in any commercialized sexual activity; aliens who are or at any time have been anarchists, or members of or affiliated with any Communist or other totalitarian party, including any subdivision or affiliate thereof; aliens who have advocated or taught, either by personal utterance, or by means of any written or printed matter, or through affiliation with an organization, (i) opposition to organized government, (ii) the overthrow of government by force or violence, (iii) the assaulting or killing of government officials because of their official character, (iv) the unlawful destruction of property, (v) sabotage, or (vi) the doctrines of world communism, or the establishment of a totalitarian dictatorship in the United States; aliens who intend to engage in prejudicial activities or unlawful activities of a subversive nature; aliens who have been convicted of violation of any law or regulation relating to narcotic drugs or marihuana, or who have been illicit traffickers in narcotic drugs or marihuana; aliens who have been involved in assisting any other aliens to enter the United States in violation of law; aliens who have applied for exemption or discharge from training or service in the Armed Forces of the United States on the ground of alienage and who have been relieved or discharged from such training or service; aliens who ordered, assisted, or otherwise participated in the persecution of any person because of race, religion, or political opinion.

Do any of the foregoing classes apply to you? ☐ Yes ☑ No (If answer is Yes, explain)

24. ☐ Completed Form G–325A (Biographic Information) is attached as part of this application.
☑ Completed Form G–325A (Biographic Information) is not attached as applicant is under 14 years of age.

25. IF YOUR NATIVE ALPHABET IS IN OTHER THAN ROMAN LETTERS, WRITE YOUR NAME IN YOUR NATIVE ALPHABET BELOW:

Signature of Applicant: hgon chareunsack

Date of Signature: 12-29-81 (Father)

26. (Signature of person preparing form, if other than applicant.) I declare that this document was prepared by me at the request of the applicant and is based on all information on which I have any knowledge.

Date:

Address of person preparing form, if other than applicant

Occupation:

*(Application not to be signed below until applicant appears before an officer of the Immigration and Naturalization Service for examination)*

I, ______________________, do swear (affirm) that I know the contents of this application subscribed by me including the attached documents, that the same are true to the best of my knowledge, and that corrections numbered ( ) to ( ) were made by me or at my request, and that this application was signed by me with my full, true name:

(Complete and true signature of applicant)

Subscribed and sworn to before me by the above-named applicant at ______________________ on ______________________
(Month) (Day) (Year)

(Signature and title of officer)

ALIEN NUMBER    LAST NAME    FIRST NAME    MIDDLE NAME

IN CARE OF

ADDRESS

NUMBER / STREET

CITY    STATE    ZIP CODE

MOTHER'S FIRST NAME    FATHER'S FIRST NAME    CITY / VILLAGE OF BIRTH

CITY OF PRESENT RESIDENCE    CITY OF FIRST U. S. RESIDENCE    INS ADJUSTING OFFICE

DATE OF BIRTH    POE    CLASS    ADJ. DATE    COB    OFFICER'S DESIGNATOR

**DO NOT FILL IN THIS PAGE. CONTINUE ON PAGE 5.**

(Page 3)

69

Immigration and Naturalization Service

Form Approved
OMB No. 43-R0595

DEMOGRAPHIC DATA TO ACCOMPANY APPLICATION FOR CREATION OF A RECORD OF LAWFUL ADMISSION FOR AN INDOCHINA REFUGEE

(PLEASE TYPE OR PRINT)

| 1. (Family Name, in CAPS) **CHAREUNSACK** | (First) **SOUTCHAY** | (Middle) | 2. Alien Registration Number **A-23-862-534** |
|---|---|---|---|
| 1a. Name which you were admitted to the United States (if different from above) | | | Telephone Number |

| 3. Date of Birth (Month) (Day) (Year) **Feb. 3, 75** | 4. City and Country of Birth **KHAMMOUANE, LAOS** | 4a. Nationality **LAO** | 5. ☑ Male  ☐ Female | 6. ☑ Single  ☐ Married  ☐ Divorced  ☐ Widowed |
|---|---|---|---|---|

7. List all of your dependents in the United States:

| Name and Relationship | Sex | Place of Birth | Date of Birth | Type of School / Grade Completed |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| 8. | Family Name | First Name | Date, City and Country of Birth (If known) | City and Country of Residence |
|---|---|---|---|---|
| FATHER | CHAREUNSACK | NGON | 7-2-44 KHAMMOUANE, LAOS - | HACKENSACK, NEW JERSEY |
| MOTHER (Maiden name) | BOUNPHA | | 3-5-47 KHAMMOUANE, LAOS - | HACKENSACK, NEW JERSEY |

9. Applicant's residence last five years. List present address first, (EXCLUDE RELOCATION CAMP)

| Street and Number | City | Province or State | Country | From Month | From Year | To Month | To Year |
|---|---|---|---|---|---|---|---|
| 70 LAWRENCE ST - 2ND FL. | HACKENSACK | NEW JERSEY | USA | 6 | 81 | | Present |
| 9 CLINTON AVE. | MIDLAND PARK | NEW JERSEY | USA | 1 | 80 | 5 | 81 |
| THAKEK KANG | THAKEK | KHAMMOUANE | LAOS | 2 | 75 | 1 | 79 |

10. I am currently residing in:

☐ Apartment  ☐ Mobile Home  ☐ Condominium  ☑ House  ☐ Other (Specify) **2ND Floor**

11. Are you living rent free? ☑ Yes  ☐ No

12. Applicant's employment last three (3) years.    List present employment first.

| Full name and Address of Employer | | Job Title | Wage / Hour | 13. Fluency in English | (Check) | Poor | Fair | Good |
|---|---|---|---|---|---|---|---|---|
| **NONE** | | | | Reading | | | | |
| | | | | Writing | | | | |
| | | | | Speaking | | | | |

14. Last job title, ABROAD  **NONE**

15. Name and Location of Schools Attended

| Name and Location of Schools Attended | Type of School | From/To | Highest Grade Completed | Title of Degree |
|---|---|---|---|---|
| PS - HACKENSACK | GEN. EDUCATION | 80- | KINDERGARDEN | |
| | | | | |

16. To be answered only by the head of household to the best of his / her ability:

Have you received any public / private assistance?  ☐ Yes  ☐ No  If yes answer the following:

| Public Assistance (Source) | Type | From/To | Dollar Amount |
|---|---|---|---|
| | | | |
| | | | |
| Private Assistance (Source) | | | |
| | | | |
| | | | |

(Page 5)

FORM I—485C
(Rev. 8-9-78) N

| Family Name (Capital Letters) | First Name | Middle Initial |
|---|---|---|
| CHAREUNSACK | SOUTCHAY | |

| Country of Citizenship | Passport or Alien Registration Number | Permit Number |
|---|---|---|
| LAOS | A23-862-534 | 088 82 83 |

United States Address (Number, Street, City and State)

(LIRS) 233 S. HIGHWOOD AVE., GLEN ROCK, NJ 07452

| Airline and Flight No. or Vessel of Arrival | Passenger Boarded at |
|---|---|
| ICEM | BANGKOK |

Number, Street, City, Province (State) and Country of Permanent Residence

KHAMMOUANE, LAOS

| Month, Day and Year of Birth | PAROLED PURSUANT TO SEC.212(d)(5) OF THE I & N ACT TO: |
|---|---|
| FEBRUARY 3, 1975 | INDEFINITE |

| City, Province (State) and Country of Birth | PURPOSE: LAO REFUGEE |
|---|---|
| KHAMMOUANE, LAOS | ALRP CAT-IV (T-13828) |

| Visa Issued at | EMPLOYMENT AUTHORIZED |
|---|---|
| VISAS FALCON CLEARED | (Port)    (Date)    (Officer) |

| STAPLE HERE | Month, Day and Year Visa Issued | |
|---|---|---|
| | NOVEMBER 23, 1979 | 1-18-80 |

054

FORM I-94 (Rev. 9-1-73)N (Parole Edition)

| Name & address of spouse | File No. |
|---|---|

Name & address of nearest relative abroad

Names & addresses of relatives or friends in U.S.

Remarks: Inadmissable under Section 212(a) (          ).

Name & Title of Officer Authorizing Parole

73

August 21, 2017

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
2200 Potomac Center Dr Stop 2425
Arlington, VA 20598-2425



**U.S. Citizenship and Immigration Services**

SOUTCHAY NMN CHAREUNSACK
709 W MOYAMENSING AVE
PHILADELPHIA, PA 19148-3251



IOE0111291781

RE: I-90, Application to Replace Permanent Resident Card



A023-862-534

## <u>DECISION</u>

Dear SOUTCHAY CHAREUNSACK:

Thank you for submitting Form I-90, Application to Replace Permanent Resident Card, to U.S. Citizenship and Immigration Services (USCIS) under section 264.5 of Title 8, Code of Federal Regulations (8 CFR).

On September 17, 2016, USCIS received your Form I-90. After thorough review of the information you provided in your application and the documents supporting your application, USCIS has determined that you are ineligible to be issued a replacement Form I-551, Lawful Permanent Resident Card. Accordingly, USCIS must deny your Form I-90.

### Statement of Facts and Analysis Including Ground(s) for Denial

USCIS records show that you were lawfully admitted for permanent residence on January 18, 1980, but your lawful permanent resident status was terminated when you were ordered deported on June 25, 1997 by an immigration judge. See 8 CFR 1.2. Because your lawful permanent resident status was terminated, you are not eligible to receive a replacement Form I-551, Permanent Resident Card. See 8 CFR 264.5.

You may not appeal this decision. However, if you believe that the denial of your Form I-90 is in error, you may file a Form I-290B, Notice of Appeal or Motion, within 30 calendar days of the date of this decision (33 days if you received this notice by mail). If we do not receive a motion to reopen or reconsider within the required period, this decision will become final. See 8 CFR 103.5 (a)(2).

To access Form I-290B or if you need additional information, please visit the USCIS Web site at www.uscis.gov or call our National Customer Service Center toll free at 1-800-375-5283 or for TDD 1-800-767-1833. You may also make an appointment to speak to a USCIS staff member in person at the USCIS office having jurisdiction over your current place of residence. To schedule an appointment go to www.uscis.gov and select INFOPASS.

276

--- 056 ---

Sincerely,



Barbara Q. Velarde
Director
Officer: DA 0325

277

<div align="center">

**Attachment**

**(Applicable Law/Regulations)**

</div>

To better assist you, the sections of law referenced in your decision are provided below:

8 CFR 1.2

(Redesignated, previously section 1.1, and revised effective 11/28/11; 76 FR 53764)
As used in this chapter I, the term:

<u>Lawfully admitted for permanent residence</u> means the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having changed. Such status terminates upon entry of a final administrative order of exclusion, deportation, or removal. (Revised 6/13/03; 68 FR 35273) (Added 4/29/96; 61 FR 18900)

8CFR 103.5

(a) Motions to reopen or reconsider in other than special agricultural worker and legalization cases-
(2) Requirements for motion to reopen. A motion to reopen must state the new facts to be proved in the reopened proceeding and be supported by affidavits or other documentary evidence. A motion to reopen an application or petition denied due to abandonment must be filed with evidence that the decision was in error because:
(i) The requested evidence was not material to the issue of eligibility;
(ii) The required initial evidence was submitted with the application or petition, or the request for initial evidence or additional information or appearance was complied with during the allotted period; or
(iii) The request for additional information or appearance was sent to an address other than that on the application, petition, or notice of representation, or that the applicant or petitioner advised the Service, in writing, of a change of address or change of representation subsequent to filing and before the Service's request was sent, and the request did not go to the new address. (Paragraph (a)(2) revised 2/10/94; 59 FR 1463)



8 CFR 264.5

(a) Filing Instructions. A request to replace a Permanent Resident Card must be filed in accordance with the appropriate form instructions and with the fee specified in 8 CFR 103.7(b)(1) ; except that no fee is required for an application filed pursuant to paragraphs (b)(7) through (9) of this section, or paragraphs (d)(2) or (4) of this section. (Revised effective 11/28/11, 76 FR 53764)
(b) Permanent residents required to file. A permanent resident shall apply for a replacement Permanent Resident Card: (Amended effective 1/20/99; 63 FR 70313)
(1) When the previous card has been lost, stolen, or destroyed;
(2) When the existing card will be expiring within six months;
(3) When the existing card has been mutilated;
(4) When the bearer's name or other biographic information has been legally changed since issuance of the existing card;
(5) When the applicant is taking up actual residence in the United States after having been a commuter, or is a permanent resident taking up commuter status;
(6) When the applicant has been automatically converted to permanent resident status;
(7) When the previous card was issued but never received;

<div align="right">

278

</div>

<div align="center">

--- 058 ---

</div>

(8) When the bearer of the card reaches the age of 14 years, unless the existing card will expire prior to the bearer's 16th birthday; or

(9) If the existing card bears incorrect data on account of Service error.

(c) Other filings by a permanent resident.

(1) A permanent resident shall apply on the designated form to replace a prior edition of the alien registration card issued on Form AR-3, AR-103, or I-151. (Amended effective 11/28/11, 76 FR 53764)

(2) A permanent resident shall apply on the designated form to replace any edition of the Permanent Resident Card for any other reason not specified in paragraphs (b) and (c) (1) of this section. (Amended effective 11/28/11, 76 FR 53764; amended effective 1/20/99, 63 FR 70313)

(d) Conditional permanent residents required to file. A conditional permanent resident whose card is expiring may apply to have the conditions on residence removed in accordance with 8 CFR 216.4 or 8 CFR 216.6. A conditional resident who seeks to replace a permanent resident card that is not expiring within 90 days may apply for a replacement card on the form prescribed by USCIS: (Revised effective 11/28/11, 76 FR 53764)

(1) To replace a card that was lost, stolen, or destroyed;

(2) To replace a card that was issued but never received;

(3) Where the prior card has been mutilated;

(4) Where the prior card is incorrect on account of Service error; or

(5) Where his or her name or other biographic data has changed since the card was issued.

(e) Application process.

(1) The prior Permanent Resident Card must be surrendered to USCIS if a new card is being requested in accordance with paragraphs (b)(2) through (5) and (b)(8) and (9) of this section. (Paragraph (e) revised effective 11/28/11, 76 FR 53764)

(2) A request to replace a Permanent Resident Card filed pursuant to paragraph (b)(4) of this section must include evidence of the name change such as a court order or marriage certificate.

(3) A request to replace a Permanent Resident Card in order to change any other biographic data on the card must include documentary evidence verifying the new data.

(f) Decision. If an application is denied, the applicant shall be notified of the reasons for denial. No appeal shall lie from this decision.

(g) Eligibility for evidence of permanent residence while in deportation, exclusion, or removal proceedings. A person in deportation, exclusion, or removal proceedings is entitled to evidence of permanent resident status until ordered excluded, deported, or removed. USCIS will issue such evidence in the form of a temporary permanent resident document that will remain valid until the proceedings are concluded. Issuance of evidence of permanent residence to an alien who had permanent resident status when the proceedings commenced shall not affect those proceedings. (Revised effective 11/28/11, 76 FR 53764)

(h) Temporary evidence of registration. USCIS may issue temporary evidence of registration and lawful permanent resident status to a lawful permanent resident alien who is departing temporarily from the United States and has applied for issuance of a replacement permanent resident card if USCIS is unable to issue and deliver such card prior to the alien's contemplated return to the United States. The alien must surrender such temporary evidence upon receipt of his or her permanent resident card. (Added effective 11/28/11, 76 FR 53764)

(i) Waiver of requirements. USCIS may waive the photograph, in person filing, and fingerprinting requirements of this section in cases of confinement due to advanced age or physical infirmity. (Added effective 11/28/11, 76 FR 53764)



# EXHIBIT 4

June 20, 2024



U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
30 North 41st Street
Philadelphia, PA 19104

**U.S. Citizenship
and Immigration
Services**

MARK KARPO
MARK S F KARPO PC
137 NORTH 9TH STREET
PHILADELPHIA, PA 19107



IOE0908662824



A023-862-534

RE: SOUTCHAY CHAREUNSACK
N-600, Application for Certificate of Citizenship

## NOTICE OF CONTINUANCE

Dear SOUTCHAY CHAREUNSACK:

You are receiving this notice because U.S. Citizenship and Immigration Services (USCIS) requires additional evidence to process your Form N-600, Application for Certificate of Citizenship. Additional information, documents, or forms are needed before your application can be acted upon. Please read this letter carefully, follow all of the instructions, and provide the requested evidence and information in order for us to make a final decision on your case.

**What You Need to Do**

You must provide the following information in order for us to make a final decision on your case:

On March 11, 2020, you filed Form N-600, Application for Certificate of Citizenship. You claim that you have derived citizenship through your mother as of her naturalization on January 20, 1993.

In general, former INA 321 applies to children who were already 18 years of age on February 27, 2001. A child born outside of the United States to two noncitizen parents, or one noncitizen parent and one U.S. citizen parent who subsequently lost U.S. citizenship, acquires citizenship under former INA 321 if:

- The child's parents meet one of the following conditions:?
  - Both parents naturalize;?
  - One surviving parent naturalizes if the other parent is deceased;?
  - One parent naturalizes who has legal custody of the child if there is a legal separation of the parents; or?
  - The child's mother naturalizes if the child was born out of wedlock and paternity has not been established by legitimation.
- The child is under 18 years of age when his or her parents naturalize; and
- The child is residing in the United States pursuant to a lawful admission for permanent residence at the time the parents naturalized or thereafter begins to reside permanently in the United States.

You cite Title 8, Code of Federal Regulations (8 CFR), section 320.2, as support for your claim of derivative citizenship. This regulation applies the present INA 320, which states that a child born outside of the United States automatically becomes a U.S. citizen when all of the following conditions have been met on or after February 27, 2001:

- The person is a child of a parent who is a U.S. citizen by birth or through naturalization (including an adoptive parent);
- The child is under 18 years of age;
- The child is a lawful permanent resident (LPR); and
- The child is residing in the United States in the legal and physical custody of the U.S. citizen parent.

You turned 18 years old on February 3, 1993. Therefore, because you were over 18 years of age on February 27, 2001, 8 CFR 320.2 does not apply in your case. USCIS must apply the former INA 321 to your claim of derivative citizenship as that was the controlling law prior to your 18th birthday.

As stated, your mother became a naturalized U.S. citizen on January 20, 1993, while you were under 18 years of age. USCIS records indicate that your father became a naturalized U.S. citizen on December 12, 2001, after you attained 18 years of age. Therefore, you could only have derived citizenship if, prior to your 18th birthday, your mother naturalized while having legal custody of you after a divorce or legal separation of your parents, or your mother naturalized if you were born out of wedlock and paternity had not been established by legitimation.

You claim that your parents never married and that paternity over you was not established by legitimation. However, USCIS records indicate that your parents, Ngon and Bounpha Chareunsack, have consistently claimed to have been married to one another throughout their immigration histories.

Additionally, your Birth Notification Certificate indicates your family has a Household Registration in Laos, numbered 057, and dated December 11, 2011 at Na Xai Village, Xai Settha District, Vientiane Municipality. According to the Department of State Reciprocity Schedule, the Lao government recognizes marriages between Lao citizens that are not registered but that are reflected in the Household Registration Book that shows a couple to be husband and wife.

**Due to the foregoing, submit evidence of your parents' marriage, including your family's Household Registration in Laos, along with evidence of any divorces.** The marriage certificate must be issued by the government agency authorized to issue the document. For immigration purposes, the marriage must have been registered with the government agency authorized to register marriages from the location where the marriage took place. The marriage certificate must have the seal of the issuing office, the date of registration, and signature of the registrar.

For divorce documentation, submit a legible photocopy of the legal termination of each prior marriage. Examples of such evidence may include, but are not limited to:

- A final (absolute) divorce decree;
- Death certificate;
- Annulment.

For the legal termination of a marriage to be considered valid for immigration purposes, it generally must be valid in the jurisdiction where it was terminated. Further, if terminated by divorce, the divorce must be recognized in the jurisdiction where any subsequent marriage occurred. *Matter of P*, 4 I&N Dec. 610, (BIA 1952).

**Your response must be received in this office by July 23, 2024.**

Please note that you have been allotted the maximum period allowed for responding to a Request for Evidence (RFE). The time period for responding cannot be extended. See Title 8, Code of Federal Regulations (8 CFR), section103.2(b)(8)(iv). Because many immigration benefits are time sensitive, you are encouraged to respond to this request as early as possible so that we can resume processing your case, but no later than the deadline provided. If you do not respond to this notice within the allotted time, your case may be denied. The regulations do not provide for an extension of time to submit the requested evidence.

You should either mail the requested information to the address shown below or scan and upload your response using your USCIS online account (if applicable). You must submit the requested information by July 23, 2024. If the request is for original documents, you must submit that evidence by mail.

You must submit all of the requested evidence at one time. If you submit only part of the evidence, we will make a decision based on the evidence that you submit and will adjudicate your case on its merits. We will not consider any evidence that is submitted after the due date. If you do not respond to this request by the date shown above, we will deny your case. Any interim benefits that may otherwise stem from the filing of this application or petition will be delayed while this case is in suspense awaiting your response.

If you submit a document in any language other than English, it must be accompanied by a complete, accurate and certified English translation of the entire document including a translation of the registrar's name and information, signature and stamp of the civil authority. The translator must certify that the translation is accurate, and he or she is competent to translate from that language to English. **If you submit a foreign language translation in response to this request for evidence, you must also include a copy of the foreign language document.**

We strongly recommend you keep a copy of all documents that you submit to USCIS in response to this request. Processing of your  Form N-600, Application for Certificate of Citizenship, will resume upon receipt of your response.

You may also request, in writing, to the Service that this application be withdrawn. If the District Director consents to the withdrawal, the application will be denied without further notice to you and without prejudice to any future application. If the District Director does not consent to the withdrawal, then the application shall be adjudicated on its merits.

For questions about your application, please visit our web site at www.uscis.gov. You can use our online tools at www.uscis.gov/tools, including our virtual assistant Emma for information and guidance. For status updates, use our Case Status Online Tool at https://egov.uscis.gov. You can also reach out to the USCIS Contact Center online by visiting www.uscis.gov/contactcenter.  If you are not able to find the information you need online, call the USCIS Contact Center at **1-800-375-5283**. If you are hearing impaired, please call the USCIS Contact Center TTY at **1-800-767-1833.**

**Place a copy of this entire letter on top of your response. Submission of evidence without this letter may delay the processing of your case and could result in a denial.**

**Mail your response to this address:**

**U.S. Citizenship and Immigration Services**
**Philadelphia Field Office**

**30 North 41st Street**
**Philadelphia, PA 19104**

Sincerely,

Michael A. Catalano
Field Office Director

# EXHIBIT 5

# MARK S. KARPO, P.C.

### ATTORNEY AT LAW

ANGEL LEUNG
LEGAL ASSISTANT

137 NORTH NINTH STREET
PHILADELPHIA, PENNSYLVANIA  19107

e-mail:
mark@karpolaw.com

TEL.: (215) 923-6364
FAX: (215) 923-6341

July 17, 2024

USCIS
Philadelphia Field Office
30 N. 41st Street
Philadelphia, PA 1910    9589 0710 5270 1300 8966 42

via Certified Mail Item # 9589 0710 5270 1300 8966 42

Re:    **N-600 Response to Notice of Continuance**
          **Applicant:        Soutchay Chareunsack  A023-862-534**

Dear Mr. Catalano:

     Kindly accept this in response to your Notice of Continuance dated June 20, 2024, a copy of which is enclosed herewith.

     In your Notice, you request the Applicant to submit additional evidence from the Country of Laos, including evidence of divorce of his parents.  The Applicant is in process of obtaining these documents from overseas and getting them translated.  As you can imagine, this is a difficult and time consuming process.

     As such, we respectfully request you put this case on hold for two (2) month pending our submission of additional documents.

     Thank you for your courtesies and consideration.

Very truly yours,

Mark S. Karpo, Esq.

/enclosure

C:\Users\Mark Karpo\Google Drive\A_lawofc (srv1)\FORMS\INS Forms\L2 USCIS Phila Soutchay N400.doc

June 20, 2024



U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
30 North 41st Street
Philadelphia, PA 19104

**U.S. Citizenship
and Immigration
Services**

MARK KARPO
MARK S F KARPO PC
137 NORTH 9TH STREET
PHILADELPHIA, PA 19107



IOE0908662824



A023-862-534

RE: SOUTCHAY CHAREUNSACK
N-600, Application for Certificate of Citizenship

## NOTICE OF CONTINUANCE

Dear SOUTCHAY CHAREUNSACK:

You are receiving this notice because U.S. Citizenship and Immigration Services (USCIS) requires additional evidence to process your Form N-600, Application for Certificate of Citizenship. Additional information, documents, or forms are needed before your application can be acted upon. Please read this letter carefully, follow all of the instructions, and provide the requested evidence and information in order for us to make a final decision on your case.

**What You Need to Do**

You must provide the following information in order for us to make a final decision on your case:

On March 11, 2020, you filed Form N-600, Application for Certificate of Citizenship. You claim that you have derived citizenship through your mother as of her naturalization on January 20, 1993.

In general, former INA 321 applies to children who were already 18 years of age on February 27, 2001. A child born outside of the United States to two noncitizen parents, or one noncitizen parent and one U.S. citizen parent who subsequently lost U.S. citizenship, acquires citizenship under former INA 321 if:

- The child's parents meet one of the following conditions:?
  - Both parents naturalize;?
  - One surviving parent naturalizes if the other parent is deceased;?
  - One parent naturalizes who has legal custody of the child if there is a legal separation of the parents; or?
  - The child's mother naturalizes if the child was born out of wedlock and paternity has not been established by legitimation.
- The child is under 18 years of age when his or her parents naturalize; and
- The child is residing in the United States pursuant to a lawful admission for permanent residence at the time the parents naturalized or thereafter begins to reside permanently in the United States.

You cite Title 8, Code of Federal Regulations (8 CFR), section 320.2, as support for your claim of derivative citizenship. This regulation applies the present INA 320, which states that a child born outside of the United States automatically becomes a U.S. citizen when all of the following conditions have been met on or after February 27, 2001:

- The person is a child of a parent who is a U.S. citizen by birth or through naturalization (including an adoptive parent);
- The child is under 18 years of age;
- The child is a lawful permanent resident (LPR); and
- The child is residing in the United States in the legal and physical custody of the U.S. citizen parent.

You turned 18 years old on February 3, 1993. Therefore, because you were over 18 years of age on February 27, 2001, 8 CFR 320.2 does not apply in your case. USCIS must apply the former INA 321 to your claim of derivative citizenship as that was the controlling law prior to your 18th birthday.

As stated, your mother became a naturalized U.S. citizen on January 20, 1993, while you were under 18 years of age. USCIS records indicate that your father became a naturalized U.S. citizen on December 12, 2001, after you attained 18 years of age. Therefore, you could only have derived citizenship if, prior to your 18th birthday, your mother naturalized while having legal custody of you after a divorce or legal separation of your parents, or your mother naturalized if you were born out of wedlock and paternity had not been established by legitimation.

You claim that your parents never married and that paternity over you was not established by legitimation. However, USCIS records indicate that your parents, Ngon and Bounpha Chareunsack, have consistently claimed to have been married to one another throughout their immigration histories.

Additionally, your Birth Notification Certificate indicates your family has a Household Registration in Laos, numbered 057, and dated December 11, 2011 at Na Xai Village, Xai Settha District, Vientiane Municipality. According to the Department of State Reciprocity Schedule, the Lao government recognizes marriages between Lao citizens that are not registered but that are reflected in the Household Registration Book that shows a couple to be husband and wife.

**Due to the foregoing, submit evidence of your parents' marriage, including your family's Household Registration in Laos, along with evidence of any divorces**. The marriage certificate must be issued by the government agency authorized to issue the document. For immigration purposes, the marriage must have been registered with the government agency authorized to register marriages from the location where the marriage took place. The marriage certificate must have the seal of the issuing office, the date of registration, and signature of the registrar.

For divorce documentation, submit a legible photocopy of the legal termination of each prior marriage. Examples of such evidence may include, but are not limited to:

- A final (absolute) divorce decree;
- Death certificate;
- Annulment.

For the legal termination of a marriage to be considered valid for immigration purposes, it generally must be valid in the jurisdiction where it was terminated. Further, if terminated by divorce, the divorce must be recognized in the jurisdiction where any subsequent marriage occurred. *Matter of P*, 4 I&N Dec. 610, (BIA 1952).

**Your response must be received in this office by July 23, 2024.**

Please note that you have been allotted the maximum period allowed for responding to a Request for Evidence (RFE). The time period for responding cannot be extended. See Title 8, Code of Federal Regulations (8 CFR), section103.2(b)(8)(iv). Because many immigration benefits are time sensitive, you are encouraged to respond to this request as early as possible so that we can resume processing your case, but no later than the deadline provided. If you do not respond to this notice within the allotted time, your case may be denied. The regulations do not provide for an extension of time to submit the requested evidence.

You should either mail the requested information to the address shown below or scan and upload your response using your USCIS online account (if applicable). You must submit the requested information by July 23, 2024. If the request is for original documents, you must submit that evidence by mail.

You must submit all of the requested evidence at one time. If you submit only part of the evidence, we will make a decision based on the evidence that you submit and will adjudicate your case on its merits. We will not consider any evidence that is submitted after the due date. If you do not respond to this request by the date shown above, we will deny your case. Any interim benefits that may otherwise stem from the filing of this application or petition will be delayed while this case is in suspense awaiting your response.

If you submit a document in any language other than English, it must be accompanied by a complete, accurate and certified English translation of the entire document including a translation of the registrar's name and information, signature and stamp of the civil authority. The translator must certify that the translation is accurate, and he or she is competent to translate from that language to English. **If you submit a foreign language translation in response to this request for evidence, you must also include a copy of the foreign language document.**

We strongly recommend you keep a copy of all documents that you submit to USCIS in response to this request. Processing of your  Form N-600, Application for Certificate of Citizenship, will resume upon receipt of your response.

You may also request, in writing, to the Service that this application be withdrawn. If the District Director consents to the withdrawal, the application will be denied without further notice to you and without prejudice to any future application. If the District Director does not consent to the withdrawal, then the application shall be adjudicated on its merits.

For questions about your application, please visit our web site at www.uscis.gov. You can use our online tools at www.uscis.gov/tools, including our virtual assistant Emma for information and guidance. For status updates, use our Case Status Online Tool at https://egov.uscis.gov. You can also reach out to the USCIS Contact Center online by visiting www.uscis.gov/contactcenter. If you are not able to find the information you need online, call the USCIS Contact Center at **1-800-375-5283**. If you are hearing impaired, please call the USCIS Contact Center TTY at **1-800-767-1833**.

**Place a copy of this entire letter on top of your response. Submission of evidence without this letter may delay the processing of your case and could result in a denial.**

**Mail your response to this address:**

**U.S. Citizenship and Immigration Services**
**Philadelphia Field Office**

**30 North 41st Street**
**Philadelphia, PA 19104**

Sincerely,

Michael A. Catalano
Field Office Director

# EXHIBIT 6

### MARK S. KARPO, P.C.

ATTORNEY AT LAW

ANGEL LEUNG
LEGAL ASSISTANT

137 NORTH NINTH STREET
PHILADELPHIA, PENNSYLVANIA  19107

e-mail:
mark@karpolaw.com

_____

TEL.: (215) 923-6364
FAX: (215) 923-6341

August 29, 2024

USCIS
Philadelphia Field Office
30 N. 41st Street
Philadelphia, PA 19104
Attn: Michael Catalano

<u>via Certified Mail Item # 9589 0710 5270 1300 8966 11</u>

    Re:    **N-600 Response to Notice of Continuance**
           **Applicant:    Soutchay Chareunsack  A023-862-534**

Dear Mr. Catalano:

        Kindly accept this in response to your Notice of Continuance dated June 20, 2024, requesting additional documents, and our initial response letter dated July 17, 2024, that requested additional time to reply, copies of which are enclosed herewith.

        Also enclosed, please find our substantive response to your request of June 20, including a certified translated Divorce Memorandum showing the Applicant's parent were divorced before the Applicant turned 18 years of age.  And, also enclosed, please find a notarized affidavit from the Applicant's Mother showing that she had primary physical custody of the Applicant both before and after the divorce, as the father was absent.

        The forgoing documents conclusively show that the Applicant's Mother naturalized while having legal custody of the Applicant after a divorce.

        As such, under former INA 321, the Applicant's N-600 should be approved based on the documents submitted herewith, and under our cover letter March 4, 2020, with the original N-600 application.

        Thank you for your courtesies and consideration.

                                Very truly yours,

                                Mark S. Karpo, Esq.

/enclosure

## AFFIDAVIT OF FACTS

I, BOUNPHA CHAREUNSACK, residing at 2618 15th Avenue North, St. Petersburg, FL  33713, being duly sworn according to law, hereby depose and say:

1. I am the natural mother of Soutchay Chareunsack, who was born on February 3, 1975, in Laos (Lao People's Democratic Republic).

2. On May 16, 1992, I divorced Soutchay's natural father, Ngon Chareunsack, and a certified and translated Divorce Memorandum from Laos of that date is attached hereto.

3. On May 16, 1992, my son, Soutchay Chareunsack, was 17 years old, and on that date I had primary physical custody of him, as well as for years prior to that date and thereafter, as his father disappeared and we rarely saw or heard from him.

*Bounpha Chareunsack*
BOUNPHA CHAREUNSACK

State of _Florida_                    : ss:

County of _Pinellas_

On this, the _24_ day of _August_____, 2024, before me, a Notary Public for the above State and County, the undersigned Officer, personally appeared **BOUNPHA CHAREUNSACK** known to me (satisfactorily proven) to be the person whose name is (are) subscribed to the within instrument, and acknowledged that she executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

(RAISED NOTARY SEAL)

Michael Haupt
Notary Public
State of Florida
Comm# HH099520
Expires 3/2/2025

_____
Notary Public Signature



**LAO PEOPLE'S DEMOCRATIC REPUBLIC**

PEACE INDEPENDENCE DEMOCRACY UNITY PROSPERITY

Xaysetha District                                         No. 051/AO, NV
Naxay Village                                             Date: 5/16/1992

### Divorce Memorandum

At the Naxay Village Administration Office, Xaysetha District, Vientiane, a record was made to mediate family relations, husband-wife family problems between Mr. Ngon CHARLERNSAK and Mrs. Bounpha CHARLERNSAK together with the two parties' adults, and the village authorities to participate in the mediation to find a solution together.

Mr. Ngon CHARLERNSAK and Mrs. Bounpha CHARLERNSAK have been married since 1990 and have 2 children together, both are boys. For a while, they both were working away from each other and less opportunity to meet to promote a warm family, so the problems were occurred not only financially or the wife's mind changed, so they could not live together, that made them separated since 1992.

So I came to the village administration office to seek for mediation to separate the family relationship and agree to divorce. All properties and belongings that they have created together is to be divided in half for each, for the 2 children have the right to possess and go to their mother and father. Through the discussion to husband-wife from the village authorities and the adults on both parties for them to turn back and stay together again, but it is impossible, so both parties confirmed that they had agreed to divorce without any demands or any charges. The husband or wife is not allowed to be jealousy the same as when they were still husband and wife, anyone who wants to start a family or marry to a new person is possible.

Therefore, the village authorities have made this note and certified the divorce to the parties' satisfaction to confirm the ending of their husband-and-wife status from the date of signature.

Signature of the Husband          Signature of the male's party          Signature of the female's party

1.  Mr. Ngon Chalernsak          1. Mr. Khamsone Chalernsak          1. Mr. Somta Khiensounthorn
2.  Mrs. Bounpha Chalernsak       2. Mrs. Ving Chalernsak             2. Sipaphone Khiensounthorn
                                  3. Mr. Phao Chalernsak             3. Vinaphone Sihavong

Village Chief
[Seal: Chief of Naxay Village]
[Signature: Ms. Chanpheng Suphapmixai]

--- 074 ---



ສາທາລະນະລັດ ປະຊາທິປະໄຕ ປະຊາຊົນລາວ

ສັນຕິພາບ ເອກະລາດ ປະຊາທິປະໄຕ ເອກະພາບ ວັດທະນາຖາວອນ

ເມືອງໄຊເສດຖາ

ບ້ານນາໄຊ

ເລກທີ.05/1../ທປບ,ນຊ

ວັນທີ 16/5/1992

ບົດບັນທຶກການຢ່າຮ້າງ

ທີ່ຫ້ອງການປົກຄອງບ້ານນາໄຊ, ເມືອງໄຊເສດຖາ ນະຄອນຫຼວງວຽງຈັນ,ໄດ້ເຮັດບົດບັນທຶກໄກ່ເກ່ຍສາຍຜົວຜົວ ນ.ບ.ເ,
ບັນຫາຄອບຄົວຜົວ-ເມຍ ລະຫວ່າງ ທ້າວ ໂງ່ນ ຈະເລີນສັກ ແລະ ນາງ ບຸນພາ ຈະເລີນສັກ ພ້ອມເຈົ້າໂຄດຜູ້ໃຫຍ່ທັງສອງ
ກ່ຳສອງຝ່າຍ ພ້ອມການຈັດຕັ້ງບ້ານເຂົ້າຮ່ວມໄກ່ເກ່ຍເພື່ອຫາການອອກຮ່ວມກັນ.

ທ້າວ ໂງ່ນ ຈະເລີນສັກ ແລະ ນາງ ບຸນພາ ຈະເລີນສັກ ທັງສອງແມ່ນໄດ້ສ້າງຄອບຄົວແຕ່ປີ 1990 ແລະ ມີລູກຮ່ວມກັນ 2 ຄົນ,
ເປັນຊາຍ. ມາຮອດໄລຍະຫນຶ່ງທັງສອງຝ່າຍຕ່າງຄົນຕ່າງໄປເຮັດວຽກຢູ່ໃກ່ຈຶ່ງບໍ່ມີເວລາໄປມາຫາສູ່ ແລະ ໃຫ້ຄວາມອົບອຸ່ນແກ່
ຄອບຄົວໄດ້, ຈຶ່ງມີບັນຫາເກີດຂຶ້ນບໍ່ວ່າຫາງດ້ານທາງກິນ ແລະ ຈິດໃຈຂອງຜູ້ເປັນເມຍ, ຈຶ່ງບໍ່ສາມາດຢູ່ຮ່ວມກັນໄດ້, ທັງສອງ
ຈຶ່ງໄດ້ແຍກທາງກັນກ່ອນແລ້ວໃນປີ 1992.

ຈຶ່ງໄດ້ຂຶ້ນມາຫ້ອງການບ້ານ ເພື່ອຂໍໄກ່ເກ່ຍແຍກທາງສາຍຜົວຜົວ ນ.ບ.ເ ຄອບຄົວດ້ວຍຄວາມພໍໃຈ ແລະ ຍິນຍອມຢ່າຮ້າງ, ສ່ວນສິນສົມ
ສ້າງ, ລັບລິນບັດຫີ່ໄດ້ຄ້າງມາຮ່ວມກັນນັ້ນແມ່ນຕ່າງແບ່ງປັນກັນຄົນລະເຄິ່ງ, ສ່ວນລູກທັງ 2ຄົນ, ມີສິດຄອບຄອງ ແລະ ໄປມາຫາສູ່ພໍ່
ແມ່ໄດ້. ຜ່ານການໄຮ່ລົມສຶກສາອົບຮົບຜົວ-ເມຍ ຂອງອຳນາດການປົກຄອງບ້ານເຈົ້າໂຄດຜູ້ໃຫຍ່ທັງສອງຝ່າຍຫາງລັບຫຼາຍຕ່າວ
ແລ້ວເໝືອໃຫ້ທັງສອງຝ່າຍປະນີປະນອມທັນຫນ້າເຈົ້າກ່ຳບໍ່ສາມາດເຂົ້າຫາກັນໄດ້, ເຊິ່ງທັງສອງຂໍຢືນຍົບກົດໝາຍຢ່າຮ້າງກັນ ໂດຍຕ່າງ
ຝ່າຍຕ່າງຍິນຍອມຢ່າຮ້າງ ໂດຍບໍ່ມີການຮຽກຮ້ອງ, ຄືກໄຮ່ໃຄຽທັງສິ້ນ.ທ່ານບໍ່ໃຫ້ຝ່າຍຜົວ ຫຼື ເມຍຫຼືຫວງຮັບຄືໃບເລກຢ່າຢັ່ນເປັນ
ຜົວ-ເມຍກັນ, ຜູ້ໃຄຕ່ອງການສ້າງຄອບຄົວ ຫຼື ແຕ່ງງານກັບຜູ້ໃໝ່ກ່ຳສາມາດເຮັດໄດ້ .

ດັ່ງນັ້ນ, ຫາງການຈັດຕັ້ງບ້ານ ຈຶ່ງໄດ້ເຮັດບົດບັນທຶກ ແລະຢັ້ງຢືນການຢ່າຮ້າງດ້ວຍຄວາມພໍໃຈ ໃຫ້ຜອກກ່ຽວໄວ້ ເພື່ອເປັນການ
ຢັ້ງຢືນ ແລະ ສິນສຸດຈາກການເປັນຜົວ-ເມຍ, ນັບແຕ່ນີ້ລົງລາຍເຊັນເປັນຕົ້ນໄປ.

ລາຍເຊັນ ຜົວ      ເຊັນເຈົ້າໂຄດຝ່າຍຊາຍ      ລາຍເຊັນເຈົ້າໂຄດຝ່າຍຍິງ

ນາຍບ້ານ

--- 075 ---



QUANTUM INC.
A Comprehensive Language Services Company

# Certification

Quantum Inc. hereby certifies that a team of translators and editors, who are all professional translators/editors fluent in both written Laotian and written English, translated/edited the attached Divorce Decree from Laotian into English

The translators/editors are competent to translate/edit and the translations are true and accurate to the best of their knowledge and ability.

Certified by:

_____          _____
            *YChavez*                                      08/20/2024

**Yesenia Chavez**                                          **Date**
**Quantum Inc.**

*240 South 9th Street, Philadelphia, PA 19107-5733  Tel: (215) 627-2251  Fax: (215) 627-5570*

# EXHIBIT 7

October 1, 2024

**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
30 North 41st Street
Philadelphia, PA 19104



**U.S. Citizenship and Immigration Services**

MARK KARPO
MARK S F KARPO PC
137 NORTH 9TH STREET
PHILADELPHIA, PA 19107



IOE0908662824

RE: SOUTCHAY CHAREUNSACK
N-600, Application for Certificate of Citizenship



A023-862-534

## <u>DECISION</u>

Dear SOUTCHAY CHAREUNSACK:

On March 11, 2020, you filed a Form N-600, Application for Certificate of Citizenship, with U.S. Citizenship and Immigration Services (USCIS). You are claiming that you are eligible to receive a Certificate of Citizenship because you acquired U.S. citizenship under former section 321 of the Immigration and Nationality Act (INA).

After a thorough review of your application, supporting documentation, and information in the record, USCIS has determined that you have not established eligibility for approval of your Form N-600. Therefore, USCIS must deny your application.

Generally, to be eligible for citizenship under former section 321 of the INA, an applicant must meet the following requirements on or before February 26, 2001:

- Be born outside the United States and its outlying possessions after December 24, 1952;
- Be the legitimate biological or adopted child of parents who are U.S. citizens by naturalization; OR
- Be the child of a naturalized parent if the other parent is deceased; OR
- Be the child of a naturalized parent who has legal custody of you and is legally separated from the other parent; OR
- Be born out of wedlock to a mother who naturalizes and where paternity is not established by legitimation; AND
- Be a lawful permanent resident of the United States;
- Be residing in the United States in the legal and physical custody of the naturalized parents (or, in the case of divorce or a legal separation, be residing in the legal custody of the naturalized parent); and
- Be under 18 years old at the time all of the above conditions are met.

### Statement of Facts and Analysis Including Ground(s) for Denial

On March 11, 2020, USCIS received your Form N-600. You claim that you have acquired U.S. citizenship through a U.S. Citizen parent. During the review of your application, we determined that your application was incomplete because it lacked supporting evidence to establish your eligibility. On

June 20, 2024, we issued a Form N-14, Request for Evidence (RFE), requesting you to submit the following evidence:

- Evidence of your parents' marriage, including your family's Household Registration in Laos, along with evidence of any divorces.

The evidence was due to USCIS no later than July 23, 2024. On July 17, 2024, your attorney contacted USCIS requesting an additional two months to respond to the RFE. This request was granted. On September 3, 2024, you responded to the RFE. You submitted the following:

- Divorce Memorandum for your parents, Ngon and Bounpha Chareunsack, indicating a divorce took place on May 16, 1992;
- Affidavit of Bounpha Chareunsack regarding her divorce and physical custody of you on May 16, 1992 and thereafter.

USCIS reviewed your response and found that it was insufficient to establish your eligibility for the issuance of a Certificate of Citizenship. Former section 321 of the INA states, in relevant part, that a child derives U.S. citizenship upon the naturalization of both parents or upon the naturalization of the parent having legal custody of the child when there has been a legal separation of the parents.

The record reflects that you were born in Laos on February 3, 1975 to Ngon and Boupha Chareunsack. It appears your parents were married at the time of your birth but the exact date is unclear. Your mother, Bounpha, claimed during her adjustment of status proceeding to have married your father on February 2, 1962, and your father claimed the same. However, during your mother's naturalization proceeding she claimed to have married your father on March 3, 1961. Compounding these differences is the submitted Divorce Memorandum which claims an unspecified marriage date in 1990. At the very least, it is evident that your parents were married prior to your 18th birthday on February 3, 1993. You were all admitted to the United States as permanent residents on January 18, 1980. Your mother became a naturalized U.S. citizen on January 20, 1993 while your father did so on December 12, 2001.

At issue in the present case is whether your parents were legally divorced prior to your 18th birthday and whether your mother had legal custody of you after that divorce and at the time of her naturalization. Such a scenario would allow you to have derived citizenship from your mother as of January 20, 1993 when she became a U.S. citizen. However, the evidence submitted in response to the RFE does not establish that a divorce between your parents was finalized.

The Department of State Reciprocity Schedule for Laos states that: "A divorce decree must be issued by the court in the district where the couple is [a] resident for a divorce to be final. A divorce certificate issued by a village or district official that is not a member of the court is not sufficient." The Divorce Memorandum submitted as evidence appears to have been issued by the Naxay Village Chief, a village official. There is no indication that this official is a member of or affiliated with any court in the Xaysetha District where the case arose. The document therefore does not establish that a final divorce took place regarding your parents' marriage.

Furthermore, the evidence you submitted contradicts numerous pieces of information in your parents' immigration records. For instance, the Divorce Memorandum indicates that your parents separated on an unspecified date in 1992 and divorced later on May 16, 1992. Your mother's affidavit states that your father had disappeared prior to the divorce and you rarely saw or heard from him. However, your mother submitted an application for naturalization on March 6, 1992. She signed this application on January 27, 1992. At that time, she claimed to be married to and residing with your father at 604 W Moyamensing Road in Philadelphia, Pennsylvania.

On November 10, 1992, your mother appeared for an interview regarding her application. She signed the application again on that date and in doing so attested to the contents therein as well as any corrections made during the course of the interview by the interview officer. No corrections were made regarding marital status or regarding your father's residence. The subsequently issued Certificate of Naturalization lists your mother's marital status as "Married."

Your father submitted an application for naturalization on the same day as your mother. Like hers, your father signed this application on January 27, 1992. Additionally, your father appeared for an interview regarding this application on the same day as your mother. He was interviewed by the same officer and also signed the application on the date of the interview. In doing so, he attested to the contents therein as well as any corrections made. On this application, your father claimed to be married to your mother and to have been residing with her at 604 W Moyamensing Road in Philadelphia, Pennsylvania. No corrections were made to the application regarding marital status or your mother's residence. Your father's application for naturalization was denied on May 15, 1993 due to an inability to write in the English language.

Both of your parents signed these applications 6 months after their purported divorce and both claimed to have maintained a marital relationship both prior to and after the divorce. In addition, your father filed two subsequent applications for naturalization and claimed on both to have been married to and residing with your mother. His Certificate of Naturalization, issued on December 12, 2001, also lists his marital status as "Married." When considered with the fact that the Divorce Memorandum does not appear to constitute a final divorce, the record indicates your parents remained married at least until your 18th birthday. Your mother's claims in her affidavit that she divorced your father on May 16, 1992 and maintained primary physical custody of you due to the disappearance of your father are simply not supported by the record.

Because your parents were married prior to your 18th birthday, both of them needed to naturalize to confer citizenship upon you. While you were under 18 years old when your mother naturalized, you were over that age at the time of your father's naturalization. Due to the foregoing, you are not eligible for the issuance of a Certificate of Citizenship under former section 321 of the INA.

You are also ineligible for citizenship under the Child Citizenship Act Of 2001 (INA 320), which provides for automatic acquisition of United States citizenship when at least one parent is a citizen of the United States, the child is a permanent resident under the age of 18, and the child is residing in the United States in the legal and physical custody of the citizen parent. However, you must have been under age 18 on the effective date of enactment February 27, 2001. Because you were over 18 years old on February 27, 2001 you are also ineligible for citizenship under INA 320.

Based on a review of your application, supporting documentation, and information in the record, USCIS has found that you are not eligible for a Certificate of Citizenship under former section 321 of the INA and Under Section 320 of the INA. Your Form N-600 is hereby denied. You may appeal this decision by filing Form I-290B with fee within 30 calendar days of the date of this notice (33 days if this decision was mailed). See Title 8, Code of Federal Regulations (8 CFR), sections 103.5 and 320.5. Please be aware that after a Form N-600 has been denied and the appeal time has expired, any subsequent Form N-600 submitted to USCIS by the same individual will be rejected. If the appeal time has expired, you must file a motion to reopen or reconsider using Form I-290B with fee. See 8 CFR 320.5.

To access Form I-290B, or if you need additional information, please visit the USCIS Web site at www.uscis.gov or call the USCIS Contact Center toll free at 1-800-375-5283. For questions about

your application, you can use our many online tools (www.uscis.gov/tools) including our virtual assistant, Emma. If you are not able to find the information you need online, you can reach out to the USCIS Contact Center by visiting www.uscis.gov/contactcenter.

Sincerely,

Michael A. Catalano
Field Office Director

**Attachment**
**(Applicable Law/Regulations)**

To better assist you, the sections of law referenced in your decision are provided below:

**INA 341**
(a) Application to Attorney General for certificate of citizenship; proof; oath of allegiance. A person who claims to have derived United States citizenship through the naturalization of a parent or through the naturalization or citizenship of a husband, or who is a citizen of the United States by virtue of the provisions of section 1993 of the United States Revised Statutes, or of section 1993 of the United States Revised Statutes, as amended by section 1 of the Act of May 24, 1934 (48 Stat. 797), or who is a citizen of the United States by virtue of the provisions of subsection (c), (d), (e), (g), or (i) of section 201 of the Nationality Act of 1940, as amended (54 Stat. 1138; 8 U.S.C. 601), or of the Act of May 7, 1934 (48 Stat. 667), or of paragraph (c), (d), (e), or (g) of section 301 of this title, or under the provisions of the Act of August 4, 1937 (50 Stat. 558), or under the provisions of section 203 or 205 of the Nationality Act of 1940 (54 Stat. 1139; 8 U.S.C. 603, 605), or under the provisions of section 303 of this title, may apply to the Attorney General for a certificate of citizenship. Upon proof to the satisfaction of the Attorney General that the applicant is a citizen, and that the applicant's alleged citizenship was derived as claimed, or acquired, as the case may be, and upon taking and subscribing before a member of the Service within the United States to the oath of allegiance required by this Act of an applicant for naturalization, such individual shall be furnished by the Attorney General with a certificate of citizenship, but only if such individual is at the time within the United States.

**INA 320**
(a) A child born outside of the United States automatically becomes a citizen of the United States when all of the following conditions have been fulfilled:

(1) At least one parent of the child is a citizen of the United States, whether by birth or naturalization.

(2) The child is under the age of eighteen years.

(3) The child is residing in the United States in the legal and physical custody of the citizen parent pursuant to a lawful admission for permanent residence.

(b) Subsection (a) shall apply to a child adopted by a United States citizen parent if the child satisfies the requirements applicable to adopted children under section 101(b)(1).

**INA 321, 8 USC §1432 (repealed)**
(a) A child born outside of the United States of alien parents or of an alien parent and a citizen parent who has subsequently lost citizenship of the United States, becomes a citizen of the United States upon fulfillment of the following the following conditions:

(1) The naturalization of both parents; or

(2) The naturalization of the surviving parent if one of the parents is deceased;

(3) The naturalization of the parent having legal custody of the child when there has been a legal separation of the parents or the naturalization of the mother if the child was born out of wedlock and the paternity of the child has not been established by legitimation; and if

applicant or petitioner, must be filed within 30 days of the decision that the motion seeks to reopen, except that failure to file before this period expires, may be excused in the discretion of the Service where it is demonstrated that the delay was reasonable and was beyond the control of the applicant or petitioner.

(ii) Jurisdiction. The official having jurisdiction is the official who made the latest decision in the proceeding unless the affected party moves to a new jurisdiction. In that instance, the new official having jurisdiction is the official over such a proceeding in the new geographical locations.

(iii) Filing Requirements--A motion shall be submitted on Form I-290B and may be accompanied by a brief. It must be:

(A) In writing and signed by the affected party or the attorney or representative of record, if any;

(B) Accompanied by a nonrefundable fee as set forth in § 103.7;

(C) Accompanied by a statement about whether or not the validity of the unfavorable decision has been or is the subject of any judicial proceeding and, if so, the court, nature, date, and status or result of the proceeding;

(D) Addressed to the official having jurisdiction; and

(E) Submitted to the office maintaining the record upon which the unfavorable decision was made for forwarding to the official having jurisdiction.

(iv) Effect of motion or subsequent application or petition. Unless the Service directs otherwise, the filing of a motion to reopen or reconsider or of a subsequent application or petition does not stay the execution of any decision in a case or extend a previously set departure date.

(2) Requirements for motion to reopen. A motion to reopen must state the new facts to be provided in the reopened proceeding and be supported by affidavits or other documentary evidence. A motion to reopen an application or petition denied due to abandonment must be filed with evidence that the decision was in error because:

(i) The requested evidence was not material to the issue of eligibility;

(ii) The required initial evidence was submitted with the application or petition, or the request for initial evidence or additional information or appearance was complied with during the allotted period; or

(iii) The request for additional information or appearance was sent to an address other than that on the application, petition, or notice of representation, or that the applicant or petitioner advised the Service, in writing, of a change of address or change of representation subsequent to filing and before the Service's request was sent, and the request did not go to the new address.

(3) Requirements for motion to reconsider. A motion to reconsider must state the reasons for reconsideration and be supported by any pertinent precedent decisions to establish that the decision was based on an incorrect application of law or Service policy. A motion to reconsider a decision on an application or petition must, when filed, also establish that the decision was incorrect based on the evidence of record at the time of the initial decision.

(4) Processing motions in proceedings before the Service. A motion that does not meet applicable requirements shall be dismissed. Where a motion to reopen is granted, the proceeding shall be reopened. The notice and any favorable decision may be combined.

(5) Motion by Service officer--

(i) Service motion with decision favorable to affected party. When a Service officer, on his or her own motion, reopens a Service proceeding or reconsiders a Service decision in order to make a new decision favorable to the affected party, the Service officer shall combine the motion and the favorable decision in one action.

(ii) Service motion with decision that may be unfavorable to affected party. When a Service officer, on his or her own motion, reopens a Service proceeding or reconsiders a Service decision, and the new decision may be unfavorable to the affected party, the officer shall give the affected party 30 days after service of the motion to submit a brief. The officer may extend the time period for good cause shown. If the affected party does not wish to submit a brief, the affected party may waive the 30-day period.

(6) Appeal to AAU from Service decision made as a result of a motion. A field office decision made as a result of a motion may be applied to the AAU only if the original decision was appealable to the AAU.

(7) Other applicable provisions. The provisions of § 103.3(a)(2)(x) of this part also apply to decisions on motions. The provisions of § 103.3(b) of this part also apply to requests for oral argument regarding motions considered by the AAU.

(8) Treating an appeal as a motion. The official who denied an application or petition may treat the appeal from that decision as a motion for the purpose of granting the motion.

# EXHIBIT 8



# Notice of Appeal or Motion

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

**USCIS
Form I-290B**
OMB No. 1615-0095
Expires 03/31/2027

| For USCIS Use Only | Returned | Reloc Sent | Receipt | Remarks |
|---|---|---|---|---|
| | Date___/___/___ | Date___/___/___ | | |
| | Date___/___/___ | Date___/___/___ | | |
| | Resubmitted | Reloc Rec'd | | |
| | Date___/___/___ | Date___/___/___ | | |
| | Date___/___/___ | Date___/___/___ | | |

| To be completed by an attorney or accredited representative (if any). | ☒ Select this box if Form G-28 is attached. | Attorney State Bar Number (if applicable) <br> 70531 | Attorney or Accredited Representative USCIS Online Account Number (if any) |
|---|---|---|---|

Please visit **www.uscis.gov/i-290b/eligibility** for information on the immigration benefit types that are eligible for an appeal or motion using this form.

► **START HERE - Type or print in black ink.**

If you do not properly complete this form or fail to submit required documents listed in the Instructions, we may dismiss or reject your appeal or motion.

## Part 1. Information About the Applicant or Petitioner

If a business or organization is filing this appeal or motion, skip to **Item Number 3.** and do not complete **Item Numbers 1.** or **2.**

**1.a.** Family Name (Last Name) `Chareunsack`

**1.b.** Given Name (First Name) `Southchay`

**1.c.** Middle Name

**2.** Date of Birth (mm/dd/yyyy) `02/03/1975`

**3.** Business or Organization Name (if applicable)

**4.** Alien Registration Number (A-Number, if any)
► A- `0 2 3 8 6 2 5 3 4`

**5.** USCIS Online Account Number (if any)
►

### Mailing Address (Safe or Alternate Address, if applicable) *(USPS ZIP Code Lookup)*

**6.a.** In Care Of Name (if any)

**6.b.** Street Number and Name `709 West Moyamensing Ave`

**6.c.** ☐ Apt. ☐ Ste. ☐ Flr.

**6.d.** City or Town `Philadelphia`

**6.e.** State `PA`  **6.f.** ZIP Code `19148`

**6.g.** Province

**6.h.** Postal Code

**6.i.** Country `USA`

--- 086 ---

## Part 2.  Information About the Appeal or Motion

Please indicate whether you are filing an appeal to the Administrative Appeals Office (AAO) or a motion.  You cannot file both an appeal and a motion on a single form.  **If you select both an appeal and a motion, we may dismiss or reject your filing.**

**NOTE:  DO NOT use this form to file an appeal with the Board of Immigration Appeals (BIA).  You must instead use Form EOIR-29.**

I am filing an **appeal** to the AAO.

1.a. ☐ I have attached a brief and/or additional evidence.

1.b. ☒ I will submit a brief and/or additional evidence directly to the AAO within 30 calendar days of filing this appeal.

1.c. ☐ I will not be submitting any brief or additional evidence in support of this appeal.

I am filing a **motion**.

2.a. ☐ I am filing a **motion to reopen**.  I have attached a brief and/or additional evidence.

2.b. ☐ I am filing a **motion to reconsider**.  I have attached a brief.

2.c. ☐ I am filing a **motion to reopen** and a **motion to reconsider**. I have attached a brief and/or additional evidence.

3. Immigration Form That is the Subject of This Appeal or Motion (for example, Form I-140, I-360, I-129, I-485, I-601, I-730, I-131) (list **only one** form number)

   `N-600`

4. Receipt Number for the Application, Petition, or Other Request (list **only one** Receipt Number)

   `IOE0908662824`

5. Requested Immigrant or Nonimmigrant Classification (for example, H-1B, R-1, O-1, EB-1, EB-2, RE-2, AS-2) (if applicable)

6. Date of the Unfavorable Decision (mm/dd/yyyy)

   `10/01/2024`

7. Office That Issued the Unfavorable Decision

   `Philadelphia (PHI)`

## Part 3.  Basis for the Appeal or Motion

**You must provide a statement regarding the basis for your appeal or motion in the space provided on the next page.**  If you need additional space to provide your explanation, use **Part 7. Additional Information** or a separate sheet of paper.

**Appeal:**  Provide a statement that specifically identifies an erroneous conclusion of law or statement of fact in the decision you are appealing.  **You MUST provide this information with your Form I-290B even if you intend to submit a brief later.**

**NOTE:  Your appeal must address all grounds of ineligibility identified in the unfavorable decision. If you do not address an issue in a statement on this form or in a supporting brief, we may deem it waived for the appeal.  A waived ground of ineligibility may be the sole basis for a dismissed appeal.**

**Motion to Reopen:**  A motion to reopen must state new facts and must be supported by documentary evidence demonstrating eligibility for the requested immigration benefit at the time you filed the application or petition.

**Motion to Reconsider:**  A motion to reconsider must state the reasons for reconsideration and must be supported by any pertinent precedent decisions to establish that the decision was based on an incorrect application of law or service policy, if applicable.  A motion to reconsider must also establish that the decision was incorrect based on the evidence of record at the time of the decision.

`The Applicant was born out of wedlock to a mother who naturalized and paternity was not established by legitimation.  And, as Applicant meets the criteria of former section 321 of the INA, he is eligible to naturalize.  The Decision concedes that the applicant's parents marriage date "is unclear," and then erroneously concludes the Applicant failed to show "final divorce" by his parents.  Applicant will submit additional evidence to conclusively show the Applicant was born out of wedlock and his parents were never legally married.  And, even though the applicant's parents considered themselves to be married, their marriage was not legal and they never legally married.`

## Part 4. Applicant's or Petitioner's Contact Information, Certification, and Signature

### Applicant's or Petitioner's Contact Information

Provide your daytime telephone number, mobile telephone number (if any), and email address (if any).

1. Applicant's or Petitioner's Daytime Telephone Number

   `2676941061`

2. Applicant's or Petitioner's Mobile Telephone Number (if any)

   `2676941061`

3. Applicant's or Petitioner's Email Address (if any)

   `scworkinggroupinc@gmail.com`

### Applicant's or Petitioner's Certification and Signature

I certify, under penalty of perjury, that I provided or authorized all of the responses and information contained in and submitted with my appeal or motion, I read and understand or, if interpreted to me in a language in which I am fluent by the interpreter listed in **Part 5.**, understood, all of the responses and information contained in, and submitted with, my appeal/ motion, and that all of the responses and the information are complete, true, and correct.  Furthermore, I authorize the release of any information from any and all of my records that USCIS may need to determine my eligibility for an immigration request and to other entities and persons where necessary for the administration and enforcement of U.S. immigration law.

4. Applicant's or Petitioner's Signature

   Date of Signature (mm/dd/yyyy)    `11/01/2024`

## Part 5. Interpreter's Contact Information, Certification, and Signature

### Interpreter's Full Name

1. Interpreter's Family Name (Last Name)

   Interpreter's Given Name (First Name)

2. Interpreter's Business or Organization Name

### Interpreter's Contact Information

3. Interpreter's Daytime Telephone Number

4. Interpreter's Mobile Telephone Number (if any)

5. Interpreter's Email Address (if any)

### Interpreter's Certification and Signature

I certify, under penalty of perjury, that I am fluent in English and _____, and I have interpreted every question on the appeal/motion, and Instructions and interpreted the applicant's answers to the questions in that language, and the applicant/petitioner informed me that they understood every instruction, question, and answer on the appeal/motion.

6. Interpreter's Signature

   Date of Signature (mm/dd/yyyy)

## Part 6. Contact Information, Declaration, and Signature of the Person Preparing This Appeal/Motion, if Other Than the Applicant or Petitioner

### Preparer's Full Name

1. Preparer's Family Name (Last Name)

   `Karpo`

   Preparer's Given Name (First Name)

   `Mark`

2. Preparer's Business or Organization Name (if any)

   `Mark S Karpo PC`

### Preparer's Contact Information

3. Preparer's Daytime Telephone Number

   `2159236364`

4. Preparer's Mobile Telephone Number (if any)

   `8568163360`

5. Preparer's Email Address (if any)

   `mark@karpolaw.com`

**Part 6. Contact Information, Declaration, and Signature of the Person Preparing This Appeal/ Motion, if Other Than the Applicant or Petitioner** (continued)

*Preparer's Certification and Signature*

I certify, under penalty of perjury, that I prepared this appeal or motion for the applicant or petitioner at their request and with express consent and that all of the responses and information contained in and submitted with the appeal or motion are complete, true, and correct and reflects only information provided by the applicant or petitioner. The applicant or petitioner reviewed the responses and information and informed me that they understand the responses and information in or submitted with the appeal or motion.

6.    Preparer's Signature

[                                                                   ]

Date of Signature (mm/dd/yyyy)   | 11/01/2024 |

--- 089 ---

## Part 7.  Additional Information

If you need extra space to provide any additional information within this form, use the space below.  If you need more space than what is provided, you may make copies of this page to complete and file with this form or attach a separate sheet of paper.  Type or print your name and A-Number at the top of each sheet; indicate the **Page Number**, **Part Number**, and **Item Number** to which your answer refers; and sign and date each sheet.

**1.a.** Family Name (Last Name)  `Chareunsack`

**1.b.** Given Name (First Name)  `Southchay`

**1.c.** Middle Name

**2.** A-Number (if any) ▶ **A-** 0 2 3 8 6 2 5 3 4

**3.a.** Page Number    **3.b.** Part Number    **3.c.** Item Number

**3.d.**

**4.a.** Page Number    **4.b.** Part Number    **4.c.** Item Number

**4.d.**

**5.a.** Page Number    **5.b.** Part Number    **5.c.** Item Number

**5.d.**

**6.a.** Page Number    **6.b.** Part Number    **6.c.** Item Number

**6.d.**

**7.a.** Page Number    **7.b.** Part Number    **7.c.** Item Number

**7.d.**



--- 090 ---

# EXHIBIT 9

Mark S. Karpo, Esq.
137 N. 9th Street
Philadelphia, PA 19107
(215) 923-6364


UNITED STATES DEPARTMENT OF HOMELAND SECURITY
UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES
OFFICE OF ADMINISTRATIVE APPEALS (AAO)

---

| | |
|---|---|
| In the Matter of | )<br>)<br>) |
| | A# 023862534 |
| Soutchay Chareunsack | )<br>) |
| | Receipt No. IOE0928484255 |

---


APPEAL OF DENIAL OF
APPLICATION FOR CERTIFICATE OF CITIZENSHIP (FORM N-600)




November 29, 2024




1

## I.    INTRODUCTION AND BACKGROUND INFORMATION

Soutchay Chareunsack, by and through undersigned counsel, has appealed the October 1, 2024, denial of his Form N-600, Application for Certificate of Citizenship, made by the Philadelphia Field Office of the U.S. Citizenship and Immigration Services (the "USCIS PFO Decision"). The Notice of Appeal was timely filed with the Philadelphia Field Office on November 1, 2024, and, as Applicant indicated on Part 2, Question 1.b of Form I-290B, this Brief with additional evidence would follow within 30 days.

The additional evidence submitted herewith is a Laos Consulate letter dated October 30, 2024, attached hereto as Exhibit A. It conclusively establishes the Applicant was "legally born out of wedlock on February 3, 1975," a fact upon which this case turns. Unfortunately, this letter was not available in time for USCIS consideration below.

The confusion and mistake regarding the legal marital status of the Applicant's parents is understandable and the Consulate letter explains it as follows: "Given that Laos was dominated by wars before 1975, it was very common for Lao people to get married without proper registration with concerned authorities. As a result, couples without marriage records may end up with no divorce certificate when they separate. Nevertheless, cases like these are completely understandable and widely acceptable within Lao society." Laos Consulate letter dated October 30, 2024.

 Significantly, the USCIS PFO Decision concedes there is uncertainty regarding the marriage date, if any, of the Applicant's parents and the Decision states the "exact date is unclear." And, while the Decision appears to be a thorough review of an extensive record, it makes no reference to any other valid and legal marriage document ever being produced, despite the prior decades of proceedings for the immigration, adjustment of status, and naturalization of the Applicant, his parents, and his siblings.

In short, the Decision was made on the incorrect assumption that the Applicant's parents

were married, which incorrect assumption was based in part on the Applicant's parents' good faith, but mistaken, belief that they were legally married.

As noted in the USCIS PFO Decision, the only relevant document ever produced over decades of proceedings before USCIS is a divorce certificate issued by a village official. However, as the USCIS Decision correctly notes, and the Reciprocity Schedule states, that document is "not sufficient." The Lao People's Democratic Republic Reciprocity Schedule, for Marriage and Divorce Certificates, was partially restated in the USCIS PFO Decision, and the complete text reads, as follows:

> Lao citizen couples are issued a document of marriage in the district where the marriage took place. The Lao government recognizes marriages between Lao citizens that are not registered but that are reflected in the Household Registration Book that shows a couple to be husband and wife. A divorce decree must be issued by the court in the district where the couple is resident for a divorce to be final. A divorce certificate issued by a village or district official that is not a member of the court is not sufficient. Marriage and divorce documents can be obtained from the district government in which they were originally issued.
>
> https://travel.state.gov/content/travel/en/us-visas/Visa-Reciprocity-and-Civil-Documents-by-Country/LaoPeoplesDemocraticRepublic.html

It states in relevant part "[a] divorce certificate issued by a village or district official that is not a member of the court is not sufficient." And, not only would it be insufficient to establish a divorce, it would also be insufficient to establish a marriage as well. Yet, the USCIS Decision incorrectly used the village official document, in part, to incorrectly find the Applicant's parents were married.

Here, there is no valid government document showing a marriage of the Applicant's parents and it was wrong of USCIS to determine the Applicant was not born out of wedlock and/or the Applicant's parents were married at anytime.

## II.  APPLICABLE LAW

Applicant agrees with the USCIS PFO Decision where it states that the controlling law in this case is former Section 321 of the INA, which provides, in relevant part, as follows:

>    (a)   A child born outside of the United States of alien parents, or of an alien parent and a citizen parent who has subsequently lost citizenship of the United States, becomes a citizen of the United States upon fulfillment of the following conditions:

>        (1)   The naturalization of both parents; or

>        (2)   The naturalization of the surviving parent if one of the parents is deceased; or

>        (3)   The naturalization of the parent having legal custody of the child when there has been a legal separation of the parents **or** the naturalization of the mother if the child was born out of wedlock and the paternity of the child has not been established by legitimation; and if-

>        (4)   Such naturalization takes place while said child is under the age of 18 years; and

>        (5)   Such child is residing in the United States pursuant to a lawful admission for permanent residence at the time of the naturalization of the parent last naturalized under clause (2) or (3) of this subsection, or thereafter begins to reside permanently in the United States while under the age of 18 years.

>    Former Section 321 of the INA, immediately before it was repealed (emphasis added)


## III.   Review of the USCIS PFO Decision

Applicant agrees with most of the factual findings in the USCIS PFO Decision, except for the one key finding that the Applicant's parent were legally married, and this case turns on that one incorrect finding of fact.

Applicant agrees with the USCIS PFO Decision where it states "you [Applicant] were under 18 years old when your mother naturalized."  This finding of fact satisfies former INA Section 321(a)(4) which states "naturalization takes place while said child is under the age of 18 years."

4

Applicant also agrees with the USCIS PFO Decision where it states "you were all [Applicant and his parents] admitted to the United States as permanent residents on January 18, 1980." And, this established fact satisfies former INA Section 321(a)(5) which states "[s]uch child is residing in the United States pursuant to a lawful admission for permanent residence at the time of the naturalization of the parent last naturalized under clause (2) or (3) of this subsection."

However, Applicant disagrees with the USCIS PFO Decision's finding of fact that was applied to former INA Section 321(a)(3). Here, the Decision incorrectly assumes the Applicant's parents were married, thus finding the Applicant was over 18 years old when his father naturalized, and denies the Application under the first alternative of former INA Section 321(a)(3), which is before the word "or" in former INA Section 321(a)(3). This is the sole reason for the denial here. The Decision incorrectly assumed the Applicant's parents were legally married, even though no marriage certificate or other valid government document was found after a thorough review of a long file by USCIS.

As the new evidence attached hereto conclusively shows, the Applicant was in fact born out of wedlock. As such, the second alternative stated <u>after</u> the word "<u>or</u>" in subsection (a)(3) above should have been applied in this case. Under the second alternative of (a)(3), for a child born out of wedlock it is only the Mother's date of naturalization that is relevant, and the father's date of naturalization is irrelevant. Under the second alternative of (a)(3), the Applicant qualifies for naturalization because as the USCIS PFO Decision correctly notes, the Applicant's Mother naturalized while the Applicant was under the age of 18, as shown herein above.

Accordingly, the Applicant qualifies under the second alternative, stated after the word "or," in subsection (a.3) above, and the USCIS PFO Decision incorrectly denied Applicant's N-600 based on the first alternative before the word "or" in subsection (a)(3).

IV.    CONCLUSION

It has been conclusively shown the Applicant was born out of wedlock and his parents were never legally married.  The USCIS Decision incorrectly assumed the parents were married and thus incorrectly applied the law based on that incorrect assumption.

Based on all of the above, it is respectfully requested that Soutchay Chareunsack's appeal of the denial of his N-600 Application for Certificate of Citizenship be sustained.


DATED this 28th day of November, 2024.


/s/Mark S. Karpo_____,
Mark S. Karpo, Esq.
137 N. 9th Street
Philadelphia, Pennsylvania 19107
(215) 923-6364
Attorney for Soutchay Chareunsack

6

**EXHIBIT INDEX**
**CASE NAME:  Southay Chareunsack**
**CASE NO.:   A# 023862534**

**TAB**                                                                                  **PAGES**

A        Laos Consulate letter dated October 30, 2024 ................................................        1

7

# EXHIBIT 10

**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
*Administrative Appeals Office*
5900 Capital Gateway Drive, Mail Stop 2090
Camp Springs, MD 20588-0009



**U.S. Citizenship
and Immigration
Services**

SOUTHCHAY CHAREUNSACK
709 WEST MOYAMENSING AVE
PHILADELPHIA PA 19148


DATE: FEB. 19, 2025          FILE #:  A023862534
                             I-290B RECEIPT #:  IOE0928484255

IN RE:        SOUTHCHAY CHAEUNSACK

ON BEHALF OF APPLICANT:

MARK KARPO, ESQUIRE
MARK S F KARPO PC
137 N 9TH ST
PHILADELPHIA PA  19107

Enclosed is the non-precedent decision of the Administrative Appeals Office (AAO) for your case.  If you believe we incorrectly decided your case, you may file a motion requesting us to reconsider our decision, reopen the proceeding, or both.  The requirements for motions are located at 8 C.F.R. § 103.5.  Motions must be filed on a Form I-290B, Notice of Appeal or Motion, **within 33 days of the date of this decision**.  This time period includes three days added for service by mail.

The Form I-290B website (www.uscis.gov/i-290b) contains the latest information on fee, filing location, and other requirements.  **Please do not mail any motions directly to the AAO**.

If you have any further questions about your case, please call the USCIS Contact Center at (800) 375-5283.

Sincerely,

Rebecca Maxwell
Acting Chief, Administrative Appeals Office


REV 1/2025                                                    www.uscis.gov

--- 100 ---

 **U.S. Citizenship and Immigration Services**

**Non-Precedent Decision of the Administrative Appeals Office**

In Re: 36554070

Date: FEB. 19, 2025

Appeal of Philadelphia, Pennsylvania Field Office Decision

Form N-600, Application for Certificate of Citizenship

The Applicant seeks a Certificate of Citizenship to reflect that he derived U.S. citizenship from his mother under former section 321 of the Immigration and Nationality Act, 8 U.S.C. § 1432.[1]  To derive U.S. citizenship under that section of the Act, a child born abroad to noncitizen parents must satisfy certain conditions before turning 18 years of age.

The Director of the Philadelphia, Pennsylvania Field Office denied the application, concluding that the record did not establish that the Applicant had derived citizenship from his U.S. citizen mother. The matter is now before us on appeal pursuant to 8 C.F.R. § 103.3.

The Applicant bears the burden of proof to demonstrate eligibility by a preponderance of the evidence. *Matter of Chawathe*, 25 I&N Dec. 369, 375-76 (AAO 2010).  We review the questions in this matter de novo.  *Matter of Christo's, Inc.*, 26 I&N Dec. 537, 537 n.2 (AAO 2015).  Upon de novo review, we will dismiss the appeal.

## I. LAW

The record reflects that the Applicant was born in Laos in April 1979, and both his mother and father are listed on his birth certificate issued in September 2018.  The Applicant represented on the instant Form N-600 that his parents were not married when he was born.  In January 1980, when the Applicant was 4 years old, he became a lawful permanent resident of the United States.  The Applicant's mother naturalized in January 1993, one week prior to the Applicant's 18th birthday.  The Applicant's father naturalized in December 2001, after the Applicant had turned 18.

To determine whether the Applicant derived U.S. citizenship from his mother based on the above facts we apply "the law in effect at the time the critical events giving rise to eligibility occurred." *Minasyan v. Gonzales*, 401 F.3d 1069, 1075 (9th Cir. 2005).  Here, the last critical event prior to the Applicant's 18th birthday in April 1997 is his mother's 1991 naturalization.  At that time, former section 321 of the Act governed derivative citizenship.  Former section 321(a) of the Act provided, in relevant part that a child born abroad to noncitizen parents would become a U.S. citizen upon fulfillment of the following conditions:

---

[1] Repealed by Sec. 103(a), title I, Child Citizenship Act of 2000, Pub. L. No. 106-395, 114 Stat. 1631 (2000).

(1) The naturalization of both parents; or

(2) The naturalization of the surviving parent if one of the parents is deceased; or

(3) The naturalization of the parent having legal custody of the child when there has been a legal separation of the parents or the naturalization of the mother if the child was born out of wedlock and the paternity of the child has not been established by legitimation; and if-

(4) Such naturalization takes place while such child is under the age of 18 years; and

(5) Such child is residing in the United States pursuant to a lawful admission for permanent residence at the time of the naturalization of the parent last naturalized under clause (1) of this subsection, or the parent naturalized under clause (2) or (3) of this subsection, or thereafter begins to reside permanently in the United States while under the age of 18 years.

The term "lawfully admitted for permanent residence" means the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having changed. Section 101(a)(20) of the Act, 8 U.S.C. §1101(a)(20).

Because the Applicant was born abroad, he is presumed to be a noncitizen and bears the burden of establishing his claim to U.S. citizenship by a preponderance of credible evidence. *Matter of Baires-Larios*, 24 I&N Dec. 467, 468 (BIA 2008).

## II. ANALYSIS

The Applicant claims to be eligible for derivative citizenship under former section 321(a)(3) of the Act because he was born out of wedlock, his parents never married, and he was not legitimated.

A. Marriage of the Applicant's Parents

On his application for a certificate of citizenship, the Applicant stated that his parents were not married at the time of his birth. However, USCIS records indicated that the Applicant's parents claimed to be married to one another both upon entry to the United States and at the time they applied for citizenship in 1992. The Director issued a request for evidence seeking evidence that the Applicant's parents had legally separated. In response to the request for evidence, the Applicant provided a "Divorce Memorandum" indicating that his parents engaged with village authorities in Laos to mediate family problems. The memorandum goes on to conclude that the mediation was unsuccessful and that the parties were pronounced divorced in 1992. The Applicant claims that since his parents were divorced in 1992, prior to his mother's naturalization and his 18th birthday, he is eligible to derive citizenship under former section 321(a)(3) of the Act.

The Director concluded that the "Divorce Memorandum" did not conform to the legal requirements for a divorce in Laos as described by the U.S. Department of State's reciprocity table. The Director also highlighted that the Applicant's parents both held themselves out to be married and living with one another at the time they applied for citizenship in 1992, including during the benefit interview after the date of the Divorce Memorandum. Based on the evidence in the record, the Director concluded that the Applicant had not established by a preponderance of the evidence that his parents were legally separated within the meaning of former section 321(a)(3) of the Act.

On appeal, the Applicant concedes that the Divorce Memorandum is not sufficient to establish that his parents were legally separated within the meaning of former section 321(a)(3) of the Act. Instead, the Applicant argues that the Director has not identified any document indicating that the Applicant's parents were married. The Applicant further states that at the time of his birth in Laos, the country was going through a transition following years of war and unrest. As a result of this unrest, Lao people often were married without documentation and would hold themselves out to be married even though it was never properly registered with a civil authority. To support this position, the Applicant provided a letter from the Embassy of Laos in the United States. The letter claims that the Applicant was born out of wedlock, though, it does not state what documents or records it reviewed to reach that conclusion or establish that the embassy has the legal authority to make that certification. We acknowledge the Applicant's claim that at the time of his parent's marriage there were difficulties in obtaining the relevant civil documents, however, it is the burden of the Applicant, not USCIS, to provide evidence sufficient to establish his parent's marital status. *Matter of Chawathe*, 25 I&N Dec. at 375-76.

The Applicant also argues that the existence of the Divorce Memorandum is not sufficient to establish that the Applicant's parents were married. The Applicant cites to the Department of State reciprocity table where it states that "a divorce certificate issued by a village or district official that is not a member of the court is not sufficient" evidence of divorce. Bureau of Consular Aff., U.S. Dep't of State, *Visa Reciprocity Table, Laos*, https://travel.state.gov/content/travel/en/us-visas/Visa-Reciprocity-and-Civil-Documents-by-Country/Laos.html. The Department of State reciprocity table also states:

> The Lao Government recognizes marriages between Lao citizens that are not registered but that are reflected in the Household Registration Book that shows a couple to be husband and wife.

*Id.*

The Applicant has not provided a copy of his family's Household Registration Book to either confirm or deny the existence of his parent's marriage. His argument that the memorandum of divorce is not sufficient to establish that a marriage existed is unpersuasive. While the document is insufficient to establish a legally sufficient divorce through the court system, it is sufficient to establish that village leaders considered the Applicant's parents to be married. At the very least, these documents, combined with the statements of the Applicant's parents on their naturalization applications, create a strong presumption that the Applicant's parents were married prior to his 18th birthday. The Applicant has not provided any affirmative evidence to rebut that presumption either to the Director or on appeal sufficient to meet the preponderance of the evidence standard.

3

B. Paternity through Legitimation

Even if the Applicant were able to establish that his parents were never married, the Applicant was legitimated by the laws of his residence in Laos, New Jersey, and Pennsylvania. Former section 321(a)(3) of the Act states that a child born out of wedlock may derive citizenship from their U.S. citizen mother if paternity has not been established by legitimation. Legitimation is the act of placing a child born out of wedlock into the same legal position as a child born in wedlock. *See Matter of Moraga*, 23 I&N Dec. 195, 197 (BIA 2001). We consider legitimation based on the domicile of the Applicant and his father prior to obtaining the age of 18. *See* 12 *USCIS Policy Manual* H.2(b), www.uscis.gov/policy-manual.

According to a 2016 Advisory Opinion from the Law Library of Congress, between 1975 and 1990 Laos did not have a formal civil code. The newly formed government of Laos eliminated the distinction between legitimate and illegitimate children with the enactment of the 1990 Family Law which states, "parental and filial rights and obligations arise upon the birth of children." The law goes on to define children as those of "legally married parents or of unmarried parents." *See Laos: Legitimation Law*, (LL File No. 2016-013581, May 2016). Therefore, as of 1990, the Applicant had been legitimated under the laws of Laos whether his parents were married or not.

According to his immigration records, the Applicant originally began living in Hoboken, New Jersey upon entry to the United States in 1980. The State of New Jersey eliminated the distinction between legitimate and illegitimate children with the passage of the New Jersey Parentage Act of 1983. The Law states "The parent and child relationship extends equally to every child and to every parent, regardless of the marital status of the parents." N.J. Rev Stat 9:17-40 (1983). At the time the law went into effect, the Applicant was under the age of 18.

Lastly, the Commonwealth of Pennsylvania eliminated the distinction between legitimate and illegitimate children in 1991. The statute provides:

> All Children shall be legitimate irrespective of the marital status of their parents, and, in every case where children are born out of wedlock, they shall enjoy all the rights and privileges as if they had been born during the wedlock of their parents except as otherwise provided in title 20.

23 Pa. Cons. Stat. § 5102(a).

The statute also provides for the determination of paternity:

> For purposes of prescribing benefits to children born out of wedlock by, from and through the father, paternity shall be determined by any one of the following ways:
>
> (1) If the parents of a child born out of wedlock have married each other.
> (2) If, during the lifetime of the child, it is determined by clear and convincing evidence that the father openly holds out the child to be his and either receives the child into his home or provides support for the child...

4

23 Pa. Cons. Stat. § 5102(b).

The Applicant's father appears on his birth record and shares an address in Pennsylvania during the relevant time period. Therefore, even if the Applicant established that his mother and father never married, he would be unable to establish that he was not legitimated under the laws of either his or his father's domicile. Accordingly, he is not eligible to derive citizenship under former section 321(a)(3) of the Act.

## III. CONCLUSION

The Applicant has not established that his parents were legally separated, or that he was born out of wedlock and not legitimated by the laws of his or his father's domicile. Therefore, he has not provided sufficient evidence to establish that he was eligible to derive citizenship under former section 321(a)(3) of the Act. Accordingly, his application will reman denied.

**ORDER:** The appeal is dismissed.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SOUTCHAY CHAREUNSACK,** | : | **Civil Action No. _____** |
| | : | |
| *Plaintiff,* | : | **Agency No.:** IOE0928484255 |
| | : | |
| **v.** | : | |
| | : | |
| **UNITED STATES DEPARTMENT OF** | : | |
| **HOMELAND SECURITY, ET AL.,** | : | |
| | : | |
| *Defendants.* | : | |


## CERTIFICATE OF SERVICE

I certify that, on October 17, 2025, I caused a copy of the Complaint for Judicial Review of Denial of N-600 Application and I-290B to be served on the persons whose names and addresses appear below, *via Mail delivery*:

Kristi Noem, DHS Secretary
Office of the General Counsel
United States Department of Homeland Security
2707 Martin Luther King Jr. Avenue, SE
Washington, DC 20528-0485

Angelica Alfonso-Royals, USCIS Acting Director
Office of the Chief Counsel
United States Department of Homeland Security
5900 Capital Gateway Drive
Mail Stop 2120
Camp Springs, MD 20588-0009

2

_____/S/ W. John Vandenberg_____                    Date: October 17, 2024

W. John Vandenberg, Attorney for Plaintiff

Pennsylvania Bar #89676, wjv9102

HOGAN & VANDENBERG LLC

1608 Walnut St., Ste. 1301

Philadelphia, PA 19103

Tel:    (610) 664-6271

Fax:    (215) 701-4558

Email: john@hvlawgroup.com