# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SOUTCHAY CHAREUNSACK,<br><br>　　　　　　*Plaintiff,*<br><br>　　v.<br><br>KRISTI NOEM, et al.,<br><br>　　　　　　*Defendants.* | CIVIL ACTION<br>NO. 25-5976 |

## ORDER

**AND NOW**, this 29th day of December, 2025, upon consideration of Plaintiff's Memorandum in Support of his Motion for Preliminary Injunction, (Dkt. No. 16), it is **ORDERED** that:

1. Plaintiff's memorandum is **STRICKEN FROM THE RECORD**.

2. Plaintiff shall refile his memorandum, on or before **Friday, January 2, 2026**, in compliance with the Court's Policies and Procedures.[1]

3. If Plaintiff wishes to amend his Complaint, (Dkt. No. 1), he may do so as a matter of course, *see* Fed. R. Civ. P. 15, but must file his amended complaint separately.[2]

---

[1] *See* Section II.D.1 and 3 of the Court's Policies and Procedures, (https://www.paed.uscourts.gov/sites/paed/files/documents/procedures/pappol.pdf).

[2] To the extent Plaintiff's amended complaint will constitute a petition for writ of habeas corpus, he should first ensure, given the government's representation that the Plaintiff may be moved to the Moshannon Valley Immigration and Customs Enforcement Processing Center in Philipsburg, Pennsylvania, (Dkt. No. 15), that venue properly lies in this district. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement.").

4. Defendants must respond to Plaintiff's amended complaint within twenty-one days of its filing.

5. Defendants may reply to Plaintiff's memorandum within ten days of the date it is refiled, or January 12, 2026, whichever is later.

BY THE COURT:


*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

2